[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Howard*, Slip Opinion No. 2020-Ohio-3195.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3195

THE STATE OF OHIO, APPELLEE, *v.* HOWARD, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Howard*, Slip Opinion No. 2020-Ohio-3195.]**

*Sentencing—Community control—Consecutive sentences—R.C. 2929.15(B)—R.C. 2929.19(B)—R.C. 2929.14(C)(4)—Sentencing court that notifies defendant at initial sentencing of specific prison term defendant could receive if community control is revoked need not repeat notification at intervening revocation hearings before prison term can be imposed upon revocation of community control—Sentencing court must make statutorily required consecutive-sentences findings when it imposes consecutive sentences following revocation of community control—Court of appeals' judgment affirmed in part and reversed in part.*

(No. 2018-0376—Submitted March 27, 2019—Decided June 9, 2020.)

APPEAL from the Court of Appeals for Franklin County,

No. 17-AP-242, 2017-Ohio-8747.

_____

**O'CONNOR, C.J.**

{¶ 1} In this appeal, we determine whether appellant, John M. Howard, received sufficient notice of the specific prison terms that the trial court could impose before the court revoked his community-control sentence and imposed the prison terms. We also determine at what stage a trial court must make the consecutive-sentences findings required under R.C. 2929.14(C) when the court imposes consecutive prison sentences following the revocation of community control. The Tenth District Court of Appeals determined that because the trial court had notified Howard at his initial sentencing hearing of the specific prison terms that the court could impose if Howard were to violate his community-control conditions, it was not required to repeat that notification before it imposed the prison terms at a second revocation hearing. It also determined that the trial court had not been required to make the consecutive-sentences findings when it revoked Howard's community control and imposed consecutive prison terms and that Howard was required to raise his consecutive-sentences challenge on direct appeal from his initial sentencing. For the following reasons, we affirm in part and reverse in part the court of appeals' judgment.

**Facts and Procedural Background**

{¶ 2} On January 8, 2014, following a bench trial, the Franklin County Court of Common Pleas convicted Howard of importuning, a fifth-degree felony, and attempted unlawful sexual conduct with a minor, a fourth-degree felony. At Howard's sentencing hearing, the court agreed with the probation department that "intensive supervision" under community control was an appropriate sentence and would not demean the seriousness of Howard's offenses. The court noted that Howard had no prior arrests and that no victim was harmed in the commission of the offenses.[1]

_____

1. Howard's convictions resulted from his response to an Internet ad posted by a police officer posing as a juvenile.

**{¶ 3}** The court stated:

> So, I am going to place him on probation for three years. He is to obtain and maintain employment. It will be intensive supervision on the sex offender case load. I will notify the defendant here and now that in the event that he fails to comply with probation, I will impose a sentence of 17 months in prison on Count 2, 11 months in prison on Count 1. Those two sentences will be consecutive to one another in the event that he violates probation. I want him to sign that document, simply indicating that I have so advised him.

**{¶ 4}** The court also awarded Howard jail-time credit, ordered him to pay court costs, and notified him of his duty to register as a Tier II sexually oriented offender.

**{¶ 5}** The court's sentencing entry stated:

> After the imposition of Community Control, the Court * * * notified the Defendant, orally and in writing, what could happen if Defendant violates Community Control. The Court further indicated that if the Community Control is revoked Defendant will be sentenced to a prison term of seventeen (17) months as to Count Two to run consecutive with eleven (11) months as to Count One.

Howard signed a document acknowledging that he had received oral and written notice of his potential prison terms.

**{¶ 6}** On direct appeal to the Tenth District, Howard argued that his convictions were against the manifest weight of the evidence, but he did not challenge his sentence. The court of appeals affirmed his convictions and sentence

in November 2014. *State Howard*, 10th Dist. Franklin No. 14AP-239, 2014-Ohio-5103.

{¶ 7} In October 2016, the trial court held a hearing on the state's request to revoke Howard's community control. Howard admitted to violating the terms of his community control by traveling outside his county of residence without permission on two occasions and committing a traffic offense during one of those occasions. The court declined to revoke Howard's community control, but it extended the duration of the community control and added a condition requiring Howard to complete a mental-health treatment program. The court also stated, "And if I see you again, Mr. Howard, plan on going to the penitentiary. All right?"

{¶ 8} In March 2017, the court held another revocation hearing as a result of additional community-control violations, which Howard admitted. Specifically, Howard admitted to having been terminated from the mental-health treatment program and to having viewed YouTube videos and magazines that were prohibited under his community-control conditions. The court revoked Howard's community control and imposed the prison sentence that it had notified Howard of at his initial sentencing hearing: 17 months for his conviction for attempted unlawful sexual conduct with a minor and 11 months for his importuning conviction, to be served consecutively. During the hearing, the court stated:

> And I believe Judge Sheward, when he imposed this, he made the finding that consecutive sentences are necessary to punish the defendant or to protect the public from future crime. I further find that the sentences are not disproportionate to the seriousness of the conduct or danger posed by the defendant to the public; that two or more offenses are part of one or more courses of conduct; and the harm caused is so great or unusual that a single prison term would not adequately reflect the seriousness of the conduct.

4

{¶ 9} Howard appealed to the Tenth District, arguing that the trial court had erred by failing to notify him at his first community-control revocation hearing of the specific prison terms the court could impose if he were to violate his community-control conditions again. He also argued that the court had failed to make the consecutive-sentences findings required under R.C. 2929.14(C)(4).

{¶ 10} The Tenth District affirmed. Regarding notice, the court determined that "proper notification at the original sentencing hearing or any subsequent community control violation hearing of the proper prison term that may be imposed is legally sufficient as a prerequisite to imposing a prison term on the offender for such a subsequent violation." 2017-Ohio-8747, ¶ 18. With respect to consecutive-sentences findings, the court determined that when the trial court revoked Howard's community control it merely enforced its original prison sentence and was not required to make the findings. *Id.* at ¶ 24. The court also determined that Howard had been required to present any alleged error regarding the consecutive sentences on direct appeal from his original sentence. *Id.*

{¶ 11} We accepted Howard's discretionary appeal, which raises the same two challenges that Howard raised below and a third challenge asserting that the appellate court erred when it determined that he had been required to raise his consecutive-sentences challenge on direct appeal from his original sentence.

## Analysis

{¶ 12} We first note that Howard has served his consecutive prison terms and has been released from prison.[2] He remains on postrelease control, however. This appeal is not moot because if Howard's prison terms were to be vacated, he would not be subject to postrelease control. In addition, a modification of Howard's

_____

2. Howard entered prison on March 15, 2017, and was released on May 7, 2019. *See* Ohio Department of Rehabilitation and Correction, *Offender Search*, https://appgateway.drc.ohio.gov/ OffenderSearch/Search/Details/A733438 (accessed June 5, 2020) [https://perma.cc/MJ9N-MTFW].

stated prison terms could affect the potential penalty for a violation of his postrelease-control conditions. *See* R.C. 2967.28(F)(3).

***The trial court provided Howard sufficient notice of the specific prison terms he could receive if his community control were to be revoked***

{¶ 13} R.C. 2929.19(B)(4)[3] prescribes what a sentencing court must do when it imposes a term of community control in lieu of a prison sentence. The court must notify the offender regarding certain consequences of violating the conditions of community control, including that the court "may impose a prison term." *Id.* The court is required to "indicate the specific prison term that may be imposed as a sanction for the violation." *Id.* In *Brooks*, we determined that compliance with this statute means that "a trial court sentencing an offender to a community control sanction must, at the time of the sentencing," as opposed to during a plea hearing, for example, "notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *See id.* at ¶ 29. And "specific prison term" means a definite prison term, fixed in months or years, rather than a range of time. *Id.* at ¶ 29-31.

{¶ 14} The statutorily mandated notice regarding the specific prison term that the trial court could impose becomes relevant when the offender violates his community control. The penalties available to a court sentencing an offender for a community-control violation are prescribed in R.C. 2929.15(B). One of the possible penalties is a prison term. R.C. 2929.15(B)(1)(c). But pursuant to R.C. 2929.15(B)(3), if the court chooses to impose a prison term, the prison term "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing."

---

3. Prior to September 30, 2011, this provision was numbered R.C. 2929.19(B)(5). *See* 2011 Am.Sub.H.B. No. 86.

{¶ 15} Three months after we decided *Brooks*, we determined that a trial court can cure its failure to notify an offender at his initial sentencing hearing of the potential, specific prison term if it provides that notice at a revocation hearing that occurs before the revocation hearing at which the trial court imposes the prison term. *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995. Here, there is no dispute that Howard received proper notice at his initial sentencing hearing of the specific prison terms he could face if he were to violate his community-control conditions. But Howard argues that *Fraley* requires a trial court to repeat the notice at the revocation hearing immediately preceding the revocation hearing at which the court imposes the prison term.

{¶ 16} We find that *Fraley* is distinguishable because Howard received proper notice of his potential prison terms at his initial sentencing hearing. Fraley had been initially sentenced to community control, but the court failed to notify him at his initial sentencing hearing of the specific prison term he could face if he violated his community-control conditions. *Id.* at ¶ 1. Fraley then violated his community control by failing to fulfill his sex-offender registration requirements, which led to a new conviction and second community-control sentence that was ordered to run concurrently with the first community-control sentence. *Id.* at ¶ 2. When the sentencing court imposed the second community-control sentence, it again failed to correctly notify Fraley of the specific prison term he could face if he violated his community control. *See id.* Fraley then violated the conditions of his first community-control sentence, and the trial court declined to revoke his community control in that case. Fraley then violated the conditions of both of his community-control sentences. *Id.* at ¶ 3-4. At the hearing regarding those violations, the trial court notified Fraley for the first time that another violation could result in prison terms of four years regarding his first case and nine months regarding his second case, with the terms to run consecutively. *Id.* at ¶ 4. Fraley then violated his community-control sentences again by driving while under the

influence. As a result, the court terminated his community-control sentences and imposed the consecutive prison terms. *Id.* at ¶ 5.

{¶ 17} The Sixth District Court of Appeals reversed Fraley's prison sentences because he had not received notice of those potential sentences at his initial sentencing hearing. *Id.* at ¶ 6. We accepted the state's appeal to determine whether the notice provided at Fraley's last revocation hearing was sufficient to authorize the court to impose the prison terms and held that "a trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a subsequent violation." *Id*. at ¶ 18.

{¶ 18} First, unlike Fraley, Howard was properly notified at his initial sentencing hearing of the prison terms he could face if he were to violate his community control and the potential prison terms did not change between his initial sentencing and the second revocation hearing at which the court imposed the prison terms. In other words, Howard was not convicted of any new offense in the intervening period for which additional prison time could have been imposed. He was aware throughout the period of his community control that a violation could result in consecutive prison terms of 17 and 11 months.

{¶ 19} Second, to accept Howard's reading of *Fraley*, we would have to conclude that our holding in *Fraley* was that a trial court must repeat the prison-term notification at *every* revocation hearing in order to preserve its ability to sentence an offender to prison for violating community control. As we said in *Fraley*, a court sentencing an offender at a revocation hearing "sentences the offender anew and must comply with the relevant sentencing statutes." *Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, at ¶ 17. We have since affirmed that determination in other contexts. *See State v. Heinz,* 146 Ohio St.3d 374, 2016-

Ohio-2814, 56 N.E.3d 965, ¶ 15 (acknowledging the state's right to be present at a revocation hearing); *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.3d 1237, ¶ 14 (holding that a revocation hearing is a sentencing hearing for purposes of the allocution requirements in R.C. 2929.19(A) and Crim.R. 32(A)(1)). But *Fraley* should not be read as imposing any requirement on a sentencing court beyond what the relevant sentencing statutes require.

{¶ 20} Thus, we look to the relevant sentencing statutes, R.C. 2929.19(B) and 2929.15(B), to determine whether the trial court was required to give Howard notice of the specific prison terms he could face for an additional violation of his community-control conditions. There is nothing in the text of those statutes supporting Howard's position that the trial court was required to repeat the potential prison terms at his first revocation hearing.

{¶ 21} At Howard's first revocation hearing, the court extended the term of his community control, as it was permitted to do under R.C. 2929.15(B)(1)(a). No new terms were imposed. In this circumstance, neither R.C. 2929.19(B) nor R.C. 2929.15(B) required that Howard again receive notice of the specific prison terms he could face for a subsequent violation of his community control.

{¶ 22} At Howard's second revocation hearing, the court imposed the exact prison terms that it had provided Howard notice of at his initial sentencing hearing. R.C. 2929.15(B)(3) mandates that a prison term imposed on an offender following revocation of community control "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code." But Howard's proposed reading of the statute would require us to add language to it prescribing notice of the potential prison term "at the sentencing hearing [*immediately preceding the one at which community control is revoked and a prison sentence is imposed*]." (Bracketed language represents the proposed added language.) We decline to do so. As we explained in *Brooks*, the purpose of the notice requirement in R.C. 2929.19(B)(4)

"is to make the offender aware *before a violation* of the specific prison term that he or she will face for a violation." (Emphasis sic.) 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, at ¶ 33. Because Howard received sufficient notice at his initial sentencing hearing of his potential prison terms, this purpose was met, and Howard presents no persuasive authority for reading the statutes or our caselaw as requiring more. Therefore, we affirm the Tenth District's judgment that the trial court was not required to renotify Howard of his potential prison terms before it imposed the prison terms.

### *A trial court must make statutorily required consecutive-sentences findings when it imposes consecutive sentences following the revocation of community control*

{¶ 23} R.C. 2929.14(C)(4) permits a trial court to impose consecutive prison terms on an offender "[i]f multiple prison terms are imposed * * * for convictions of multiple offenses," provided that the court makes certain findings required under the statute. *See also State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 22-23.

{¶ 24} At Howard's initial sentencing hearing, the trial court notified him that he could face consecutive prison terms if he were to violate his community control. But the record is devoid of any evidence that the trial court made the statutorily required consecutive-sentences findings at the initial sentencing hearing or included them in the sentencing entry. However, at that time, Howard's prison terms were only potential in nature. *See Brooks* at ¶ 31 (noting that the specific prison term communicated to a defendant pursuant to R.C. 2929.19(B) is "necessarily speculative").

{¶ 25} We disagree with the Tenth District's conclusion that when the trial revoked Howard's community control it "did not literally sentence Howard" and instead "enforced the sentence previously imposed." 2017-Ohio-8747 at ¶ 24. It is true that the court sentenced Howard to exactly the same prison terms that it had

provided Howard notice of at his initial sentencing hearing, including the consecutive nature of those terms. Nonetheless, the court performed more than an administrative function at the revocation hearing and did not merely impose a predetermined sentence. *See Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.3d 1237, at ¶ 13. The court had discretion under R.C. 2929.15(B) to choose a shorter prison term or no prison term at all. Having chosen to impose a prison term for multiple offenses after revoking Howard's community control, R.C. 2929.14(C)(4) required the court to make the required consecutive-sentences findings at that time.[4] Therefore, we reverse the portion of the Tenth District's decision concluding that the trial court had not been required to make consecutive-sentences findings when it revoked Howard's community control and imposed consecutive sentences. We also reverse the appellate court's determination that Howard had been required to raise his challenge regarding the court's lack of consecutive-sentences findings on direct appeal from his initial sentencing.

{¶ 26} Although the appellate court declined to review the merits of Howard's consecutive-sentences challenge, we can determine from the record that the court failed to make the findings required by R.C. 2929.14(C)(4). After the court revoked Howard's community control, it made two of the three findings required under R.C. 2929.14(C)(4), but it mistakenly assumed that the judge at Howard's initial sentencing hearing had made the third finding—specifically, that consecutive sentences were necessary to punish Howard or to protect the public from future crime. The record demonstrates that the court's assumption was incorrect and that no consecutive-sentences findings were made at Howard's initial sentencing hearing. Moreover, a finding during the initial sentencing hearing that consecutive sentences were necessary to punish Howard or to protect the public from future crime would be inconsistent with the court's determination that a

4. Our conclusion should not be read to mean that a sentencing court cannot notify the defendant of *potential* consecutive prison sentences at the initial sentencing hearing.

community-control sentence would not demean the seriousness of Howard's offenses.

{¶ 27} But even if the court had made the consecutive-sentences findings at Howard's initial sentencing hearing, R.C. 2929.14(C)(4) becomes relevant when "multiple prison terms *are imposed*." (Emphasis added.) And here, prison terms were not imposed until the trial court revoked Howard's community control. Accordingly, consecutive sentences were not properly imposed and we must vacate the trial court's consecutive-sentences order and remand the case to the trial court for resentencing. *See Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37.

{¶ 28} As noted above, Howard has served his consecutive prison terms and is currently on postrelease control. Whether the trial court can revisit the consecutive-sentence findings, and whether resentencing may affect the duration of his postrelease control is not before us, and we express no view on those issues.

**Conclusion**

{¶ 29} For the foregoing reasons, we affirm the Tenth District's judgment in part and reverse it in part and remand the case to the trial court for any necessary proceedings.

Judgment affirmed in part
and reversed in part,
and cause remanded.

FRENCH, DEWINE, and DONNELLY, JJ., concur.

KENNEDY, J., concurs in part and dissents in part, with an opinion joined by STEWART, J.

FISCHER, J., dissents, with an opinion.

_____

**KENNEDY, J., concurring in part and dissenting in part.**

{¶ 30} I concur in the judgment of the majority opinion with the exception of the portion that reaches the merits of appellant John M. Howard's challenge to the trial court's consecutive-sentences findings. An assignment of error raising that challenge was properly before the Tenth District Court of Appeals and was fully briefed and argued below. *See* 2017-Ohio-8747. I would remand this cause to the court of appeals to allow that court to address in the first instance whether the trial court made the required findings pursuant to R.C 2929.14(C) before it imposed consecutive sentences at Howard's March 2017 community-control revocation hearing. Therefore, I concur in part and dissent in part.

{¶ 31} We did not accept for review the issue whether the trial court made the necessary findings under R.C. 2929.14(C) before it imposed consecutive sentences, and we "should be hesitant to decide [issues not raised or argued in this court] for the reason that justice is far better served when [issues have had] the benefit of briefing, arguing, and lower court consideration before making a final determination," *Sizemore v. Smith*, 6 Ohio St.3d 330, 333, 453 N.E.2d 632 (1983), fn. 2. Howard's brief before this court only addresses the trial court's failure to make the necessary findings in relation to his argument that the trial court was required to comply with R.C. 2929.14(C) at the community-control revocation hearing, and the state advocates for the matter to be remanded to the court of appeals.

{¶ 32} While it may be more convenient to resolve here the issue whether the trial court complied with R.C. 2929.14(C), the determination of that issue in the first instance should be left to the court of appeals. *See, e.g.*, *Sizemore* at 333, fn. 2; *Shelly Materials, Inc. v. Streetsboro Planning & Zoning Comm.*, 158 Ohio St.3d. 476, 2019-Ohio-4499, ___ N.E.3d ___, ¶ 25; *State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, ¶ 29. As former Justice Cook wrote, "even the most measured sense of judicial restraint confines this court to passing upon only

those issues developed below." *Fulmer v. Insura Property & Cas. Co.*, 94 Ohio St.3d 85, 100, 760 N.E.2d 392 (2002) (Cook, J., dissenting).

{¶ 33} Accordingly, I would remand the cause to the court of appeals for it to determine whether the trial court complied with R.C. 2929.14(C) before it imposed consecutive sentences.

{¶ 34} Therefore, I concur in part and dissent in part.

STEWART, J., concurs in the foregoing opinion.

_____

**FISCHER, J., dissenting.**

{¶ 35} The majority opinion holds that as long as a trial court notifies an offender at his or her initial sentencing hearing of the specific prison term that may be imposed following the revocation of the offender's community-control sanction, the trial court is not required to repeat that notification at subsequent community-control revocation hearings before it can impose a prison sentence. Because I do not believe that the majority opinion's conclusion is supported by this court's precedent or Ohio's statutory scheme governing community-control sanctions, I respectfully dissent.

**Community-control sanctions and truth in sentencing**

{¶ 36} We are presented with yet another case demonstrating the complexities of Ohio's statutory scheme governing community-control sanctions. Given the procedural posture of this case, it seems necessary to emphasize that community control is *not* the same as probation. *See Cleveland Bar Assn. v. Cleary*, 93 Ohio St.3d 191, 192, 754 N.E.2d 235 (2001), fn. 1. In 1996, the General Assembly replaced probation with community-control sanctions. *Compare* Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7470-7474 ("S.B. 2") *with* former R.C. 2951.02, 1995 Am.Sub.H.B. No. 167, 146 Ohio Laws, Part II, 2245, 2278; *see also State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d

512, ¶ 14, 22. Probation was a period of time served during the suspension of a prison sentence, while community-control sanctions are imposed as the sentence for an offense. *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 14. "[O]ne of the overriding goals" of S.B. 2 was "truth in sentencing." *Anderson* at ¶ 22.

{¶ 37} To have truth in sentencing, the offender must be correctly notified of his or her sentence. R.C. 2929.19 lays out the requirements that a trial court must follow when sentencing an offender. Under R.C. 2929.19(A), the trial court "shall hold a sentencing hearing" before imposing a sentence. The court must determine "at the sentencing hearing" whether a community-control sanction should be imposed. *See* R.C. 2929.19(B)(4). The court is required to notify the offender at the sentencing hearing that if he or she violates the conditions of the community-control sanction, then the court may "impose a longer time under the *same sanction*, impose a *more restrictive sanction*, or impose *a prison term* * * * and *shall* indicate the specific prison term that may be imposed as a sanction for the violation." (Emphasis added.) *Id.*

{¶ 38} The statute makes no substantive distinction between the initial sentencing hearing and subsequent sentencing hearings. After the initial reference in R.C. 2929.19(A) to "a sentencing hearing," the statute refers to "the sentencing hearing." This court has treated "the sentencing hearing" to mean both the sentencing hearing that immediately follows a finding of guilt, *see State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, and any subsequent sentencing hearing that follows a violation of community control, *see State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995. In *Fraley*, this court determined that a community-control revocation hearing is a sentencing hearing at which the court sentences the offender "anew." *Id.* at ¶ 17. At this subsequent

sentencing hearing, the court must comply with the relevant sentencing statutes, which includes R.C. 2929.19(B)(4). *Id.*

{¶ 39} On two recent occasions, this court has reaffirmed that an offender who is sentenced at a community-control revocation hearing is sentenced anew. *See Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965; *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.2d 1237. In *Heinz*, this court acknowledged that a community-control revocation hearing is indeed a sentencing hearing at which the offender is sentenced anew and that the requirements of R.C. 2929.19 apply. *Id.* at ¶ 15, 19. And in *Jackson*, this court recognized that a community-control revocation hearing is a sentencing hearing for purposes of R.C. 2929.19 and Crim.R. 32(A)(1), again emphasizing that a trial court sentences an offender anew at a community-control revocation hearing and that it must comply with the relevant sentencing statutes at the hearing. *Id.* at ¶ 11.

{¶ 40} Given our precedent, I am not convinced by the determination in the majority opinion that a trial court is not required to provide the notifications required by R.C. 2929.19(B)(4) at each of an offender's community-control revocation hearings before it can revoke the offender's community-control sanction and impose a prison term, because we have repeatedly stated that the offender is sentenced anew and that R.C. 2929.19 applies. I question how an offender can be sentenced "anew" at a community-control revocation hearing if there is a carry-over effect from the offender's prior sentencing hearings. Community-control sanctions are not the same as probation.

{¶ 41} But even if there could be some carry-over effect, such an effect would not apply in this case, because the trial court did not, as the majority opinion determines, sentence appellant, John M. Howard, to the same community-control sanction at his first community-control revocation hearing. Majority opinion at ¶ 21. A trial court, upon finding that an offender has violated his or her community

16

control conditions, may impose "a longer time under the *same* sanction," "[a] more restrictive sanction under R.C. 2929.16, 2929.17, or 2929.18," or a prison term. (Emphasis added.) R.C. 2929.15(B)(1). Here, the trial court did not simply continue Howard's community-control sanction under R.C. 2929.15(B)(1)(a); the trial court imposed "a more restrictive sanction" with additional conditions, including that he receive mental-health treatment—a condition it could only impose under R.C. 2929.15(B)(1)(b). That sanction is a different community-control sanction than Howard received at his initial sentencing hearing. Contrary to the majority's analysis, this should have prompted the trial court to provide the R.C. 2929.19(B)(4) prison-term notification, but it did not.

{¶ 42} Because the trial court had been required to sentence Howard "anew" at his community-control-revocation hearing and because he received a more restrictive sanction at that hearing, the trial court was required to notify him at that hearing of the specific prison term that he could receive if he were to violate the conditions of his community-control sanction. Because the trial court did not notify Howard of the specific prison term he could receive, the court was barred from imposing a prison term. *See Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, at ¶ 15, 29, 33. That conclusion is compelled by this court's precedent, "the letter and spirit" of R.C. 2929.19(B)(4), and Ohio's goal of providing truth in sentencing. *Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, at ¶ 17; *see also Brooks* at ¶ 25.

## Conclusion

{¶ 43} This court has consistently treated community-control revocation hearings as sentencing hearings at which the offender is sentenced "anew" and at which the trial court must comply with the notification requirements contained in R.C. 2929.19(B)(4). To maintain consistency and truth in sentencing, I would hold that a trial court must provide the R.C. 2929.19(B)(4) notifications to an offender

at each of the offender's community-control revocation hearings, especially when a new and more restrictive community-control sanction is imposed, in order for the court to later revoke the offender's community-control sanction and impose a prison term. Because the trial court failed to do so in this case, I would conclude that the court was barred from imposing a prison term. I would thus reverse the judgment of the Tenth District Court of Appeals, vacate the prison term, and remand this cause to the trial court for resentencing without the possibility of imposing a prison term under these circumstances.

{¶ 44} Therefore, I respectfully dissent.

_____

Ron O'Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, for appellee.

Koenig & Owen, L.L.C., and Charles A. Koenig, for appellant.

_____