[Cite as *State v. Smith*, 2022-Ohio-257.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

　　　　　Plaintiff-Appellee,

- v -

MICHAEL A. SMITH,

　　　　　Defendant-Appellant.

CASE NO. 2020-P-0019

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2018 CR 00134

**O P I N I O N**

Decided: January 31, 2022
Judgment: Reversed in part and remanded

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Sean C. Buchanan*, 931 Franklin Avenue, Kent, OH 44240 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}　Appellant, Michael A. Smith ("Mr. Smith"), appeals from the sentencing entry of the Portage County Court of Common Pleas revoking his community control and sentencing him to two, concurrent, 12-month prison terms to be served consecutively to a 54-month prison term imposed in a separate case.

{¶2}　Mr. Smith asserts one assignment of error, contending that the trial court erred by ordering consecutive sentences without making the required findings pursuant to R.C. 2929.14(C)(4).　The state concedes error.

{¶3} After a careful review of the record and pertinent law, we clearly and convincingly find that Mr. Smith's consecutive sentences are contrary to law because the trial court did not make the required statutory findings at the sentencing hearing or incorporate them into the sentencing entry. We reverse the trial court's imposition of consecutive sentences and remand the case for the trial court to consider the sole issue of whether Mr. Smith should serve the two, concurrent, 12-month prison terms imposed in the underlying case consecutively to the 54-month prison term imposed in case no. 2017 CR 00290. If so, the trial court shall enter the proper statutory findings on the record and incorporate them into its sentencing entry.

## Substantive and Procedural History

{¶4} In February 2018, the Portage County Grand Jury indicted Mr. Smith on the following five counts: aggravated possession of drugs (methamphetamine), a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(1)(a) (count 1); aggravated possession of drugs (fentanyl), a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(1)(a) (count 2); aggravated possession of drugs (6-MAM), a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(1)(a) (count 3); possession of drugs (buprenorphine), a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(1)(b) (count 4); and possession of dangerous drugs (tramadol), a felony of the fifth degree, in violation of R.C. 4729.51(C)(3) and R.C. 4729.99 (count 5).

{¶5} Mr. Smith initially pleaded not guilty to the charges. He subsequently withdrew his pleas of not guilty and entered written and oral pleas of guilty to count 1 (aggravated possession of methamphetamine) and count 2 (aggravated possession of fentanyl). The state agreed to dismiss the remaining counts of the indictment.

2

{¶6} The trial court held a hearing in March 2018, where it engaged in a plea colloquy with Mr. Smith pursuant to Crim.R. 11, accepted his guilty pleas, and found him guilty. Mr. Smith waived a presentence investigation, and the matter proceeded immediately to sentencing.

{¶7} The trial court ordered Mr. Smith to remain in jail. Upon bed availability, Mr. Smith was to be transported to the Northeast Ohio Community Alternative Program ("NEOCAP") for successful completion. The trial court also sentenced Mr. Smith to 12 months of intensive supervision by the probation department followed by 48 months of general supervision. The trial court notified Mr. Smith that if he violated the terms of community control, he could serve prison terms of six months on count 1 and one year on count 2 to run consecutively to each other and to a prison term in a separate case (case no. 2017 CR 00290). Mr. Smith did not appeal the trial court's sentencing entry.

{¶8} In August 2018, the probation department filed a "motion to revoke/extend probation," alleging that Mr. Smith "failed to complete program at Root House." The trial court held a hearing in October 2018, and Mr. Smith failed to appear. The trial court issued a warrant for his arrest, and Mr. Smith was subsequently arrested in December 2018.

{¶9} The trial court held a hearing in January 2019. Mr. Smith admitted to the community control violation, and the trial court found that he violated the terms and conditions of his community control. In calculating Mr. Smith's potential prison terms, the trial court remarked that Mr. Smith "committed all these crimes * * * while awaiting sentencing" in a case before a different trial court judge. Mr. Smith corrected the trial court, stating that he had been indicted while he was in NEOCAP. The trial court and Mr.

3

Smith then discussed his past difficulties with drug treatment programs and in maintaining his sobriety.

{¶10} The trial court revoked Mr. Smith's community control and sentenced him to two 12-month prison terms to run concurrently to one another and consecutively to the 54-month prison term imposed in case no. 2017 CR 00290. In its sentencing entry, the trial court stated that "the consecutive sentence [sic] is necessary to protect the public from future crime or to punish the Defendant and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the defendant poses to the public."

{¶11} In October 2020, this court permitted Mr. Smith to file a delayed appeal and appointed him appellate counsel. Mr. Smith's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there were no meritorious issues for review and seeking permission to withdraw. Following our independent review of the record pursuant to *Anders*, we found one potentially meritorious issue for appeal and appointed Mr. Smith new appellate counsel.

{¶12} Mr. Smith now sets forth the following assignment of error:

{¶13} "The trial court erred by not finding the required factors for a consecutive sentence under 2929.14(C)4" [sic].

**Standard of Review**

{¶14} The standard of review for the imposition of consecutive prison terms is governed by R.C. 2953.08(G)(2). *See State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16. That provision states as follows:

4

{¶15} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶16} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶17} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶18} "(b) That the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b).

{¶19} "'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

### Consecutive Sentences

{¶20} R.C. 2929.41 creates a statutory presumption in favor of concurrent sentences. *State v. Fowler*, 11th Dist. Portage No. 2017-P-0046, 2018-Ohio-3110, ¶ 9.

5

R.C. 2929.41(A) provides, in pertinent part, that "[e]xcept as provided in * * * division (C) of section 2929.14, * * * a prison term * * * or sentence of imprisonment shall be served concurrently with any other prison term * * * or sentence of imprisonment imposed by a court of this state * * *."

{¶21} R.C. 2929.14(C)(4) provides that "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively" if it finds that (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) any of the following:

{¶22} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶23} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶24} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

6

Case No. 2020-P-0019

{¶25} The Supreme Court of Ohio has held that "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Otherwise, the imposition of consecutive sentences is contrary to law. *See id.* The trial court is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.*

{¶26} In the context of a community control violation, the trial court is required to make consecutive sentence findings at the time it revokes community control and imposes prison terms. *See State v. Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, 165 N.E.3d 1088, ¶ 25 ("Having chosen to impose a prison term for multiple offenses after revoking [appellant's] community control, R.C. 2929.14(C) required the court to make the required consecutive-sentences findings at that time"). Courts have also held that the trial court is required to make the statutory findings when imposing consecutive sentences even when one of the sentences was imposed in a separate case. *See State v. Richmond*, 8th Dist. Cuyahoga No. 104713, 2017-Ohio-2656, ¶ 26.

**Analysis**

{¶27} The record demonstrates that the trial court did not satisfy the statutory requirements to impose consecutive sentences.

{¶28} At the January 2019 hearing, the trial court revoked Mr. Smith's community control, imposed two, 12-month, concurrent prison terms, and ordered Mr. Smith to serve them consecutively to the 54-month prison term imposed in case no. 2017 CR 00290.

7

However, the trial court did not make any specific consecutive sentencing findings. The trial court remarked that Mr. Smith "committed all these crimes" while awaiting sentencing in a separate case, which would implicate the finding under R.C. 2929.14(C)(4)(a) ("The offender committed one or more of the multiple offenses while the offender was awaiting * * * sentencing * * *"). Mr. Smith subsequently corrected the trial court and indicated that the statement was inaccurate.

{¶29} In its sentencing entry, the trial court made two findings that closely track the statutory language in R.C. 2929.14(C)(4), i.e., that "the consecutive sentence [sic] is necessary to protect the public from future crime or to punish the Defendant and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the defendant poses to the public." However, the trial court did not make these findings at the January 2019 hearing, and the entry contains no finding under R.C. 2929.14(C)(4)(a), (b), or (c). We have found reversible error in very similar circumstances. *See State v. Ferrell*, 11th Dist. Portage No. 2017-P-0069, 2019-Ohio-836, ¶ 34-41.

{¶30} Accordingly, we clearly and convincingly find that Mr. Smith's consecutive sentences are contrary to law.

{¶31} Mr. Smith's sole assignment of error has merit. We reverse the trial court's imposition of consecutive sentences and remand the case for the trial court to consider the sole issue of whether Mr. Smith should serve the two, concurrent, 12-month prison terms imposed in the underlying case consecutively to the 54-month prison term imposed in case no. 2017 CR 00290. If so, the trial court shall enter the proper statutory findings on the record and incorporate them into its sentencing entry.

8

{¶32} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is reversed in part, and this matter is remanded for further proceedings consistent with this opinion.

THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

9