[Cite as *State v. Adkins*, 2025-Ohio-4526.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

MATTHEW A. ADKINS,

        Defendant-Appellant.

CASE NO. 2024-P-0083

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 00478

## OPINION AND JUDGMENT ENTRY

Decided: September 29, 2025
Judgment: Reversed and remanded

*Connie J. Lewandowski*, Portage County Prosecutor, and *Kristina K. Reilly*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Jaye M. Schlachet* and *Eric M. Levy*, The Law Office of Schlachet and Levy, Terminal Tower, Suite 2200, 50 Public Square, Cleveland, OH 44113 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, Matthew A. Adkins, appeals the imposition of consecutive felony sentences in the Portage County Court of Common Pleas. Because the trial court was without authority to impose consecutive sentences, we reverse their imposition.

***Substantive and Procedural History***

{¶2} On April 2, 2024, Adkins entered guilty pleas to aggravated possession of drugs, a felony of the third degree in violation of R.C. 2925.11(A) and (C)(1)(b), and carrying a concealed weapon, a felony of the fourth degree in violation of R.C. 2923.12.

{¶3} On June 10, 2024, the trial court sentenced Adkins, in relevant part, as follows:

> So it's the sentence of this court for the felony of the third degree that you serve nine to thirty-six months in the Ohio Department of Corrections, for the felony four that you serve six to eighteen months, but I'm going to suspend those sentences for a period of four years, order that you enter and successfully complete NEOCAP. … I'd specifically written on my file that NEOCAP was out of the question, but, honestly, I want you to use that time and really make sure that you understand what you have and what you could lose if you ended up in prison for four and [a] half years, right?

{¶4} Adkins was subsequently found to have violated the terms and conditions of his community control sanction.

{¶5} On October 28, 2024, the trial court sentenced Adkins, in relevant part, as follows:

> [Y]our probation is terminated, you are going to serve the sentence that I previously suspended, which was four and a half years, in the Ohio Department of Corrections. I ordered that those sentences run consecutively at the time and they are going to continue to run consecutively. So you are going to serve four and one-half years in the Ohio Department of Corrections.

**Assignments of Error**

{¶6} Adkins timely appeals. On appeal, he raises the following assignments of error:

> [1.] The trial court committed plain error imposing a consecutive prison sentence which was clearly and convincingly contrary to law and which it was not authorized to impose when it imposed appellant's sentences consecutively at a community control revocation sentencing hearing when it failed to advise appellant of the possibility of consecutive sentences and reserve same at the initial sentencing hearing.
>
> [2.] The trial court committed plain error imposing a sentence that was contrary to law when it imposed consecutive sentences on appellant without making the required findings at appellant's

sentencing hearing and where the finding made in the sentencing entry is contrary to and unsupported by the record.

***Standard of Review***

{¶7} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing … if it clearly and convincingly finds either … [t]hat the record does not support the sentencing court's findings under division … (C)(4) of section 2929.14 [to impose consecutive sentences]" or "[t]hat the sentence is … contrary to law." R.C. 2953.08(G)(2)(a) and (b); *State v. Marcum*, 2016-Ohio-1002, ¶ 1. "[A] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citations omitted.) *State v. Scott*, 2025-Ohio-806, ¶ 27 (11th Dist.).

***Consecutive Prison Sentences***

{¶8} The default rule in Ohio is that "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). Nevertheless, the following provision is made for the imposition of consecutive sentences:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not

disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶9} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. "Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.*

**First Assignment of Error: Whether the Trial Court Properly Advised Adkins of the Possibility of Consecutive Sentences When It Imposed a Community Control Sanction**

{¶10} When imposing a community control sanction, "[t]he court shall notify the offender that, if the conditions of the sanction are violated, [or] if the offender commits a violation of any law, … the court … may impose a prison term on the offender and shall

indicate the range from which the prison term may be imposed as a sanction for the violation." R.C. 2929.19(B)(4). The Ohio Supreme Court has interpreted this statute to mean that a court "must notify the offender that a consecutive sentence is a possibility on revocation of community control in order for the court to have the authority, on revocation, to require that the reserved prison term be served consecutively with another prison sentence." *State v. Jones*, 2022-Ohio-4485, ¶ 11.[1]

{¶11} The Supreme Court explained its holding as follows:

> In Ohio, multiple sentences of imprisonment are generally presumed to run concurrently, R.C. 2929.41(A), except in certain circumstances not applicable here, *see, e.g.*, R.C. 2929.14(C)(1) through (3). A trial court must make particularized findings to justify its use of discretion to impose consecutive sentences. R.C. 2929.14(C)(4). This also means that a trial court may make the necessary findings and "order a prison sentence to be served consecutively to a prison sentence previously imposed on the same offender by another Ohio court." *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 1. When an offender is sentenced to community control for one or more felony convictions, the offender must be notified at the time of sentencing of the specific prison term (or, under the present version of the statute, "the range of prison terms") that could be imposed if the offender does not successfully complete the conditions of community control. R.C. 2929.19(B)(4) (present and former versions). Thus, the reserved prison term is stated, but it is not imposed at that point. *State v. Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, 165 N.E.3d 1088, ¶ 25 ("disagree[ing] with the Tenth District's conclusion that when the trial court revoked Howard's community control it 'did not literally sentence Howard' and instead 'enforced the sentence previously imposed'"). Since the "reserved" prison term is a not-yet-imposed potential future sentence, it is neither required of nor sufficient for a court to make findings under R.C. 2929.14(C)(4) at the time it imposes community control to justify potential future consecutive sentences in the event of revocation. *Id.* at ¶ 25, 27.

*Id.* at ¶ 12.

---

1. The reader is referred to the considered comments found in the concurring opinion, particularly regarding the illogical nature of suspended consecutive sentences.

Case No. 2024-P-0083

{¶12}  In the present case, the trial court did not, when it imposed a community control sanction in June 2024, advise Adkins that a consecutive sentence is a possibility on revocation of community control.  Instead, the court advised him that it wanted him to use his time in NEOCAP to "really make sure that [he] under[stood] what … [he] could lose if [he] ended up in prison for four and [a] half years."  Adkins argues that the court failed to comply with *Jones*.  The State argues that urging Adkins to contemplate four and a half years in prison satisfied *Jones*: "the only way he could face that amount of prison time based on a thirty-six month prison sentence and an eighteen month prison sentence would be if the court retained authority to impose a consecutive sentence if Adkins violated his probation."  Brief of the State of Ohio at 5.

{¶13}  We agree with Adkins.  At his initial sentencing, the trial court did not notify him of the possibility of consecutive sentences and thus he was not properly apprised of the specific term (or "range" in the language of the statute) that could be imposed for violating the conditions of his community control sanction.  Admittedly, by referring to Adkins "end[ing] up in prison for four and [a] half years" the court provided information from which Adkins could infer the sentences being suspended could be imposed consecutively at a later date.  However, providing information from which the specific term of imprisonment could be inferred is not the same as notifying him of that prison term.  Here, the trial court advised Adkins of the potential prison terms for each of his two offenses individually and later, after other notifications had been given, urged him to consider how fortunate he was to have avoided a consecutive sentence.  The purpose of providing notifications is to ensure that the offender understands certain facts regarding the consequences of violating the community control sanction.  Having the offender

deduce what these facts may be does not serve that purpose. Since Adkins was not properly advised that he could be ordered to serve his individual prison terms consecutively when the community control sanction was imposed in June 2024, the court was not authorized to impose a consecutive prison term on him after the revocation of the community control sanction. *Jones* at ¶ 18.

{¶14} We acknowledge that courts have a degree of flexibility as to how the notification is given. In *State v. Thompson*, 2024-Ohio-3361 (4th Dist.), the sentencing court advised the offender:

> You know, by placing you on community control, I've reserved the entire prison terms. So you know, this is your chance to prove to the community that you can change your ways. If you've lied to us, you're not ready for treatment, or you can't pull through with the treatment, the Court absolutely intends to send you to prison, you know, and the victim will get what she asked for, because right now, the entire amounts, you got 30 plus – 48, so you're looking at a total of 48 months. So you can go for up to four years. You understand that?

*Id.* at ¶ 3. The court of appeals found that *Jones* was satisfied as the trial court deliberately "inquired whether Thompson understood that if she violated her community control, she was 'looking at a total of 48 months.'" *Id.* at ¶ 13.

{¶15} Similarly, in *State v. Miller*, 2024-Ohio-5326 (8th Dist.), the sentencing court "advised [the offender] that if he violated the terms of his community-control sanctions, he was 'looking at an 18-month sentence in each felony four, plus a 12-month sentence on the felony five. So that's 48 months.'" *Id.* at ¶ 6. The court of appeals affirmed although "the trial court did not use the term 'consecutive,'" since the trial court "expressly advised him that if he violated his community control, he was 'looking' at a total of '48 months' in prison." *Id.* at ¶ 23.

Case No. 2024-P-0083

{¶16} We find these cases, in which the trial courts deliberately and expressly advised the offenders of the potential aggregate sentence in conjunction with their individual sentences, to be distinguishable from the present case where the court only incidentally provided the information without explaining its significance.

{¶17} The first assignment of error is with merit.

***Second Assignment of Error: Whether the Trial Court Made the Required Findings on the Record to Impose Consecutive Sentences***

{¶18} Adkins argues, and the State concedes, that the trial court failed, at the October sentencing/revocation hearing, to make the necessary findings to impose consecutive sentences. As explained under the first assignment of error, the court was without authority to impose consecutive sentences for the community control violation. Accordingly, this assignment of error, although with merit, is rendered moot.

{¶19} The second assignment of error is with merit.

{¶20} For the forgoing reasons, Adkins' sentence is reversed and this matter is remanded with instructions for the trial court to modify the sentence by ordering the prison terms to be served concurrently. Costs to be taxed against the appellee.


JOHN J. EKLUND, J., concurs,

EUGENE A. LUCCI, J., concurs with a Concurring Opinion.


_____

Case No. 2024-P-0083

EUGENE A. LUCCI, J., concurs with a Concurring Opinion.

{¶21} While I concur in the judgment reversing the trial court's imposition of consecutive sentences, I write separately to address the fundamental sentencing errors that occurred in this case, which extend beyond the narrow issue of notification requirements addressed in the majority opinion.

**The Core Problem: Circumventing Sentencing Safeguards**

{¶22} The trial court's actions in this case represent a troubling practice that effectively circumvents the careful statutory framework Ohio has established for felony sentencing. By imposing consecutive prison sentences without making the required R.C. 2929.14(C)(4) findings, then suspending those sentences in favor of community control, the trial court created an impermissible shortcut around fundamental sentencing requirements.

**Initial Sentencing Errors**

{¶23} At the June 2024 sentencing hearing, the trial court made two critical errors that infected the entire proceeding:

{¶24} **First**, the court imposed prison sentences without making the mandatory finding under R.C. 2929.14(C)(2) that "community control sanctions would demean the seriousness of the offense or would not adequately protect the public from future crime by the offender or others." This finding is a prerequisite to imposing any prison term. *See* R.C. 2929.14(C)(2); *State v. Jones*, 2020-Ohio-6729.

{¶25} **Second**, the court purported to order consecutive sentences without making any of the required findings under R.C. 2929.14(C)(4). As the majority correctly notes, consecutive sentences may only be imposed when the court finds that such service

Case No. 2024-P-0083

is necessary to protect the public or punish the offender, that consecutive sentences are not disproportionate, and that at least one of the three specific circumstances in subsections (C)(4)(a)-(c) exists.

{¶26} These omissions are not mere technicalities. They represent the legislature's considered judgment about when imprisonment—and particularly consecutive imprisonment—is appropriate.

## The Illogical Nature of Suspended Consecutive Sentences

{¶27} The trial court's approach creates an internal contradiction that undermines the integrity of the sentencing process. If the statutory findings for consecutive sentences are not present at the time of initial sentencing, on what basis can a court nonetheless impose consecutive sentences "in reserve"?

{¶28} The legislature has established that consecutive sentences require specific findings about the necessity of such sentences and the proportionality of the punishment. *See* R.C. 2929.14(C)(4). These findings necessarily inform whether imprisonment itself is appropriate under R.C. 2929.14(C)(2). A court cannot logically conclude that consecutive sentences are unnecessary for public protection or proportional punishment yet simultaneously reserve the right to impose exactly such sentences upon violation of community control.

## Community Control Should Not Serve as a Trap

{¶29} More fundamentally, the practice employed here transforms community control from a rehabilitative alternative into what amounts to a sentencing trap. The defendant was led to believe he was receiving community control based on the court's assessment that such sanctions were appropriate. Yet lurking beneath this apparent

leniency was the threat of consecutive prison terms that had never been properly justified under Ohio law. This approach is particularly problematic because it allows courts to impose harsh sentences without making the difficult determinations required by statute. Rather than carefully weighing whether consecutive sentences are truly necessary at the time of initial sentencing, the court effectively deferred this analysis indefinitely while maintaining the option to impose the harshest permissible sentence.

**Violation Proceedings Require Fresh Analysis**

{¶30} When a defendant violates community control, R.C. 2929.14(C)(2) requires the court to determine anew whether "community control sanctions would demean the seriousness of the offense or would not adequately protect the public from future crime." The statute does not permit courts to simply activate previously imposed sentences without making this contemporaneous finding.

{¶31} In this case, the trial court at the October 2024 revocation hearing made no findings under R.C. 2929.14(C)(2) before imposing imprisonment, nor did it make any findings under R.C. 2929.14(C)(4) before imposing consecutive service of that imprisonment.

**The Appropriate Remedy**

{¶32} The proper remedy is straightforward: reverse the consecutive nature of the sentences and remand with instructions that the sentences run concurrently. The trial court never made the findings necessary to support consecutive sentences, either at the initial sentencing or at the revocation hearing. Without such findings, concurrent service is required under the default rule of R.C. 2929.41(A).

{¶33}   This remedy serves several important purposes. It ensures that defendants receive only those sentences that are properly supported by statutory findings. It prevents courts from circumventing sentencing requirements through the mechanism of suspended sentences. And it maintains the integrity of Ohio's carefully structured sentencing scheme.

**Conclusion**

{¶34}   While I agree with the majority that the trial court erred in failing to provide proper notification under *State v. Jones*, 2020-Ohio-6729, the deeper problem in this case is the court's systematic avoidance of the substantive requirements for both imprisonment and consecutive sentences. By reversing the consecutive nature of these sentences and requiring concurrent service, we restore the proper functioning of Ohio's sentencing laws and ensure that future defendants receive the protections the legislature intended.

{¶35}   For these reasons, I concur in the judgment.

Case No. 2024-P-0083

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignments of error are with merit. The order of this court is that the judgment of the Portage County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this opinion.

Costs to be taxed against appellee.

_____
JUDGE SCOTT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs with a Concurring Opinion

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-P-0083