[Cite as *State v. Nave*, 2019-Ohio-348.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 107032

---

### STATE OF OHIO

#### PLAINTIFF-APPELLEE

vs.

### CHRISTOPHER NAVE

#### DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-600628-C and CR-15-601090-B

**BEFORE:** S. Gallagher, J., Kilbane, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 31, 2019

**ATTORNEY FOR APPELLANT**

Patricia J. Smith
206 S. Meridian Street, Suite A
Ravenna, Ohio   44266


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Anna Woods
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113


SEAN C. GALLAGHER, J.:

{¶1}   Christopher Nave appeals his ten-year aggregate prison term — a product of the trial court imposing a five-year, aggregate term of imprisonment in Cuyahoga C.P. No. CR-15-600628-C consecutive to another five-year term in Cuyahoga C.P. No. CR-15-601090-B. Both cases involved numerous burglary and theft or other theft-related offenses.   Nave appeals the sentences imposed after he pleaded guilty, but he does not challenge the plea itself.   We affirm.

{¶2} In the first assignment of error, Nave claims the trial court failed to make the findings required under R.C. 2929.14(C)(4) before imposing consecutive sentences because the trial court used "talismanic words" but failed to provide its reasons for making the required findings.   In the alternative, Nave claims that the trial court failed to consider his lack of a criminal history in considering whether to impose the consecutive sentences.   Finally, in the second assignment of error, Nave claims that the trial court failed to incorporate the consecutive sentence findings in the final entry of conviction.   We find no merit to any of Nave's arguments.

**{¶3}** Felony sentences are reviewed under the standard provided in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. A reviewing court may overturn the imposition of consecutive sentences only if it clearly and convincingly finds that either (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law." Before a trial court may impose consecutive sentences, the court must make specific findings mandated by R.C. 2929.14(C)(4) and then incorporate those findings in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The trial court is not required to give a rote recitation of the statutory language. *Id.* "As long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

**{¶4}** R.C. 2929.14(C)(4) authorizes the court to order consecutive service of multiple sentences if consecutive service (1) is necessary to protect the public from future crime or to punish the offender; (2) is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and additionally (3) that (a) the offender committed the offense while awaiting trial or sentencing, under community control monitoring, or under postrelease control for a prior offense; (b) at least two of the offenses caused harm so great and unusual that no single term for any offense adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates the necessity of consecutive sentences to protect the public from future crime. *State v. Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, ¶ 10, citing *State v. Smeznik*, 8th Dist. Cuyahoga Nos. 103196 and 103197, 2016-Ohio-709, ¶ 6. A trial court is under no obligation to provide reasons in support of the findings, only the findings themselves are required. *Bonnell* at ¶ 37.

{¶5} We need not extensively consider Nave's argument that the trial court erred by not providing reasons in support of the R.C. 2929.14(C)(4) findings. The court was under no obligation to do so. *Id.*

{¶6} With respect to Nave's alternative argument that his lack of a criminal history militated against consecutive sentences, the trial court did not find that Nave's criminal history supported the imposition of consecutive service. In light of the fact that an offender's criminal history is one of the alternative findings under R.C. 2929.14(C)(4)(a)-(c), Nave's reliance on his limited criminal past is misplaced.

{¶7} The trial court found that the offenses to which he pleaded guilty were committed while Nave was awaiting trial or sentencing or was under a community control sanction and that the harm caused by Nave's conduct was so great and unusual that no single term adequately reflected the seriousness of his conduct under R.C. 2929.14(C)(4)(a)-(b). Nave brought his criminal history to the trial court's attention at the sentencing hearing. The fact that Nave had little or no prior history of criminal conduct was considered by the trial court, but not relied on. The legislature authorized the trial court to impose consecutive sentences if one of two findings, in the alternative to a criminal history, is made. Thus, Nave's claim that his lack of criminal history demonstrates the inappropriateness of the consecutive sentences is without merit. In this situation, the legislature authorized the imposition of consecutive sentences if the alternative finding was supported by the record under R.C. 2929.14(C)(4)(a)-(b), which we must presume under App.R. 16(A)(7) in light of the fact that Nave has not claimed otherwise.

{¶8} Inasmuch as Nave argues that the trial court failed to consider his remorse under R.C. 2929.12 in imposing the mid-range sentence on the second-degree felony burglary charges within his consecutive sentencing argument, we summarily overrule such an argument. At the

sentencing hearing and again in the final entry of conviction, the trial court expressly considered all sentencing factors as required by law, including Nave's claims of remorse, that were offered for consideration. *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 243, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 14 (trial court fulfills its obligation to consider the sentencing factors by expressly indicating such in the record). The first assignment of error is overruled.

{¶9} And finally, Nave claims the trial court failed to incorporate the consecutive sentencing findings in his final entry of conviction. He is mistaken.

{¶10} In Case No. CR-15-600628-C, the trial court imposed the five-year aggregate term of imprisonment consecutive to the sentences imposed in Case No. CR-15-601090-B. In Case No. CR-15-601090-B, the trial court merely noted that the aggregate term of prison was consecutive "with" the other case for the ease of reference. The aggregate term of imprisonment in Case No. CR-15-601090-B is to be served first of the two cases under review, and there is no need to incorporate the findings under R.C. 2929.14(C)(4) in the final entry of conviction related to that case. In the final entry of conviction in Case No. CR-15-600628-C, the trial court expressly incorporated the required findings as would be expected in order to impose the aggregate term of prison to be served consecutive to the term imposed in Case No. CR-15-601090-B. Nave's second assignment of error is overruled.

{¶11} We affirm.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed,

any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
EILEEN T. GALLAGHER, J., CONCUR