[Cite as *State v. Black*, 2020-Ohio-188.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                         :

    Plaintiff-Appellee,         :

                    No. 108335

v.                                     :

ARNOLD BLACK, JR.,                     :

    Defendant-Appellant.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 23, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-618138-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kerry A. Sowul, Assistant Prosecuting Attorney, *for appellee.*

Walter H. Edwards, Jr., *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Arnold Black, Jr., appeals his three convictions for rape, which include a firearm specification, and the aggregate 13-year term of imprisonment that was consecutively imposed to a 26-year term of imprisonment Black was serving in an unrelated matter. We affirm.

**{¶ 2}** The parties have not provided a recitation of the facts underlying the rape convictions. We accept that as a concession that the facts of the criminal conduct are irrelevant to this appeal. App.R. 16(A)(6).

**{¶ 3}** In the first assignment of error, Black claims his guilty plea was not made knowingly, intelligently, and voluntarily because the trial court failed to substantially comply with the requirement to advise Black of the sex offender classification requirements that are part of the penalty for his offenses.

**{¶ 4}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. The standard of review for determining whether a plea was knowing, intelligent, and voluntary within the meaning of Crim.R. 11 is substantial compliance for nonconstitutional issues and strict compliance for constitutional issues. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero.*

**{¶ 5}** In addition, when challenging his guilty plea based on the trial court's lack of substantial compliance, a defendant must also show a prejudicial effect — that the plea would not have been otherwise entered but for the error. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32, citing *Nero* at 108.

{¶ 6} Black cannot demonstrate that the plea would not have been entered even if the trial court failed to substantially comply with the nonconstitutional advisements. The trial court discussed the implications of pleading guilty to the rape charges, including a brief discussion with respect to the sex offender classification and registration requirements that would be imposed following the conviction. At that time, Black's counsel indicated that Black was already subject to the same Tier III registration requirements from another case and that the current registration requirements stemming from the guilty plea were inconsequential. According to Black's counsel, the new requirements essentially "merged" with the existing lifetime registration requirements and would not independently affect Black's reporting requirements moving forward. As a result, Black cannot demonstrate, let alone has he argued, that but for the lack of substantial compliance in informing him of the sex offender registration requirements, he would not have entered the guilty plea to the three rape charges.

{¶ 7} Even if we assumed, for the sake of discussion, that the trial court's advisement regarding the registration requirements was somehow deficient, it is abundantly evident that Black was not prejudiced thereby. Black was already subjected to the same reporting requirements, which were not expanded by the newest conviction. It cannot be credibly argued that had Black been advised of the full extent of the reporting requirements stemming from his newest crimes, he would have forgone pleading guilty to the three rape charges with the remainder

being nolled, which reduced his sentencing exposure from 144 to 33 years in prison. The first assignment of error is overruled.

{¶ 8} In the second assignment of error, Black claims that the record does not support the consecutive sentencing finding that Black committed the newest crimes while awaiting trial or sentencing or under community control or postrelease control sanctions.

{¶ 9} Felony sentences are reviewed under the standard provided in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. A reviewing court may overturn the imposition of consecutive sentences only if it clearly and convincingly finds that either (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law." R.C. 2953.08. Before a trial court may impose consecutive sentences, the court must make specific findings mandated by R.C. 2929.14(C)(4) and then incorporate those findings in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The trial court is not required to give a rote recitation of the statutory language. *Id.* "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 10} R.C. 2929.14(C)(4) authorizes the court to order consecutive service of multiple sentences if consecutive service (1) is necessary to protect the public from future crime or to punish the offender; (2) is not disproportionate to the seriousness

of the offender's conduct and to the danger the offender poses to the public; and additionally (3) that (a) the offender committed the offense while awaiting trial or sentencing, under community control monitoring, or under postrelease control for a prior offense; (b) at least two of the offenses caused harm so great and unusual that no single term for any offense adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates the necessity of consecutive sentences to protect the public from future crime. *State v. Smeznik*, 8th Dist. Cuyahoga Nos. 103196 and 103197, 2016-Ohio-709, ¶ 6.

{¶ 11} We need not extensively consider Black's argument that one of the alternative findings under R.C. 2929.14(C)(4)(a) is not supported by the record. In this case, the trial court also found that

> at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct.

R.C. 2929.14(C)(4)(b). The legislature authorized the trial court to impose consecutive sentences if only one of three findings under R.C. 2929.14(C)(4)(a)-(c) is made. *State v. Nave*, 8th Dist. Cuyahoga No. 107032, 2019-Ohio-348, ¶ 7. Black's claim, of the lack of evidence that he was not awaiting trial or under supervision at the time he committed the current crimes as a basis to demonstrate the inappropriateness of the consecutive sentences, is without merit. In this situation, the legislature authorized the imposition of consecutive sentences if any of the alternative findings is supported by the record under R.C. 2929.14(C)(4)(b) or (c).

*Id.* Even if we agreed with Black that the record does not clearly and convincingly support the finding under R.C. 2929.14(C)(4)(a), the trial court's additional finding under subdivision (C)(4)(b) satisfied the consecutive sentencing requirements. In light of the fact that Black has not challenged the factual underpinnings of the alternative finding the trial court made in this case, we cannot find error in the imposition of consecutive sentences. App.R. 16(A)(7). The second assignment of error is overruled.

{¶ 12} In the third and final assignment of error, Black claims that the trial court failed to consider the principles of felony sentencing under R.C. 2929.11 and the factors under R.C. 2929.12, and as a result, his sentence is contrary to law. Black is mistaken.

{¶ 13} When reviewing felony sentences, appellate courts apply the standard of review set forth in R.C. 2953.08(G)(2). *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides that an appellate court may vacate and remand a sentence, if the court clearly and convincingly finds that either the record does not support certain specified findings or the sentence is otherwise "contrary to law."

{¶ 14} At the sentencing hearing and again in the final entry of conviction, the trial court expressly considered all that is required by law. *Id.*, se*e also State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 243, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 14 (trial court fulfills its obligation to consider the sentencing factors by expressly indicating such in the

record). There is no error. The record unambiguously demonstrates that the trial court considered the principles of felony sentencing and the sentencing factors applicable in Black's case. *State v. Taylor*, 8th Dist. Cuyahoga No. 107881, 2019-Ohio-3367, ¶ 11.

{¶ 15} We note, however, that Black does not actually appear to be challenging the trial court's consideration of the required factors and principles, but instead he appears to disagree with the trial court's weighing of the sentencing factors. Importantly, the trial court imposed five-year terms on all counts, only two of which were imposed consecutively and, in addition, imposed the three-year term on the firearm specification consecutive to the ten-year, base aggregate term.

{¶ 16} The entirety of Black's argument on this point is as follows:

> Appellant certainly has a criminal history, but he has also spent the entirety of his adult life incarcerated. Tr. p. 138. Appellant has experienced some issues during his incarceration, but he has not committed any sexual offenses and has only been in three fights over the course of approximately ten years. Tr. p. 141. All of the offenses in Appellant's 2008 case and the current case occurred within a four-month span. Tr. p. 149. The court noted that had it sentenced Appellant for all of the cases at one time, it would have imposed a sentence of approximately twenty-six years total. Id. Prior to this matter, Appellant was scheduled to be released in 2034. Tr. p. 101. Now, despite the trial court's contention that twenty-six years was an appropriate aggregate sentence for this case and Appellant's prior case, he will be incarcerated until 2047.

It appears that Black is challenging the aggregate length of the consecutive sentences and not the individual sentences imposed on each felony count in this case. Having already concluded that there is no error in imposing the aggregate 13-year term of imprisonment in this case, consecutive to the aggregate 26-year term of

imprisonment that Black is already serving in an unrelated case, we need not address this apparent claim any further.

{¶ 17} In addition, the mere fact that Black disagrees with the trial court's decision based on its independent consideration of the sentencing factors is not a basis for this court to reverse the lower-range sentences imposed on each individual felony. In *Taylor*, 8th Dist. Cuyahoga No. 107881, 2019-Ohio-3367, this type of argument was thoroughly addressed and rejected. As the court succinctly framed the issue,

> In an effort to challenge the adequacy of the trial court's statutory considerations, [appellant] is merely asking this court to substitute our judgment for that of the trial court, which, as stated, appellate courts are not permitted to do. Moreover, by asking this court to view the seriousness and scope of his conduct in light of the relevant mitigating factors, [appellant] is encouraging this court to independently weigh the sentencing factors, which appellate courts are also not permitted to do.

(Citations omitted.) *Id.* at ¶ 17. The trial court in this case considered the factors Black highlights in this appeal. That is all that is required by law. *Id.* We are unable to conclude by clear and convincing evidence that the record does not support the imposition of the five-year terms of imprisonment on each of the first-degree felonies to which Black pleaded guilty.

{¶ 18} The third assignment of error is overruled.

{¶ 19} Black's convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR