[Cite as *State v. Mitchell*, 2022-Ohio-3818.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                            No. 111297

    v.                           :

CHRISTIAN MITCHELL,                     :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 27, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-662976-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Eric Collins, Assistant Prosecuting Attorney, *for appellee.*

Kelley & Ferraro, LLP, and Carl W. Sullivan, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Christian Mitchell appeals the sentence imposed after he pleaded guilty to felonious assault, in violation of R.C. 2903.11(A)(1). For the following reasons, we affirm.

{¶ 2} Mitchell and Tavion Hardy invaded the two victims' apartment after one of the victims confronted Mitchell and several others about noise being made outside the apartment building. After the verbal confrontation outside, the victim returned to his apartment. Mitchell followed, knocked on the door, and then forced his way inside with Hardy in tow. The second victim awoke at the sounds of the struggle. She grabbed a baseball bat to try and help the other victim. Mitchell grabbed the baseball bat and hit that victim over her head while Hardy continued the assault on the other victim. Forensic evidence from the bat identified Mitchell as the offender responsible for hitting the victim over the head and established his identity as one of the persons who invaded the victims' home.

{¶ 3} During the plea colloquy, the trial court advised Mitchell that the felonious assault offense was a qualifying, second-degree felony offense under R.C. 2929.144 and 2929.14(A)(2)(a). At sentencing, the trial court imposed a five-year stated minimum term of imprisonment, along with a maximum term of 7.5 years. After making the findings required under R.C. 2929.14(C)(4), the trial court imposed that sentence to be served consecutive to a six-year, stated minimum term of imprisonment Mitchell was already serving in Cuyahoga C.P. No. CR-648045-B for a robbery committed against a wheelchair-bound victim. Tr. 40:10-17.

{¶ 4} Mitchell appeals the sentence imposed advancing two arguments: (1) that the sentencing structure enacted under the Reagan Tokes Law is unconstitutional; and (2) that the consecutive sentencing findings are not clearly

and convincingly supported by the record because Mitchell did not have a felony conviction when he committed the burglary.[1]  Neither argument has merit.

{¶ 5}  With respect to the nonlife indefinite sentence imposed under R.C. 2929.144 and 2929.14(A)(2)(a), Mitchell advances the same arguments challenging the constitutional validity of the Reagan Tokes Law addressed in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), and thus it appears this argument is advanced to preserve the claim for further review.  In light of *Delvallie*, we must conclude that Mitchell's sentence does not violate his constitutional rights based on the arguments presented.  That assignment of error is overruled.

{¶ 6}  Finally, Mitchell claims that the trial court's decision to impose the five-year term of imprisonment consecutive to a term of imprisonment that was already imposed in Mitchell's other case is not supported by the record.  According to Mitchell, the record does not support the finding that consecutive service of the sentence was necessitated by his criminal history under R.C. 2929.14(C)(4)(c).

{¶ 7}  Felony sentences are reviewed under the standard provided in R.C. 2953.08(G)(2).  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16.  Before a trial court may impose consecutive sentences, the court must make specific findings mandated by R.C. 2929.14(C)(4) and then incorporate those findings in the sentencing entry.  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.  The trial court is not required to give a rote recitation of

---

[1] The assignments of error have been reordered for the ease of discussion.

the statutory language. *Id.* "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29. Appellate review of the underlying findings is narrower. A reviewing court may overturn the imposition of consecutive sentences only if it clearly and convincingly finds that either (1) "the record does not support the sentencing court's findings under * * * [R.C. 2929.14(C)(4)]," or (2) "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2). Thus, in order to reverse the imposition of consecutive sentences, the defendant must clearly and convincingly demonstrate that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4). *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 28.

{¶ 8} R.C. 2929.14(C)(4) authorizes the court to order consecutive service of multiple sentences if consecutive service (1) is necessary to protect the public from future crime or to punish the offender; (2) is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) either (a) the offender committed the offense while awaiting trial or sentencing, under community control monitoring, or under postrelease control for a prior offense; (b) two or more of the offenses caused harm so great and unusual that no single term for any offense adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates the necessity of consecutive sentences to protect the public from future crime. *State v. Smeznik*, 8th Dist. Cuyahoga Nos. 103196 and 103197, 2016-Ohio-709, ¶ 6.

{¶ 9} Aside from the constitutional claim with respect to the Reagan Tokes Law, there is no other argument presented that Mitchell's sentence is contrary to law and Mitchell concedes that the trial court made the necessary findings and incorporated those findings into the sentencing entry. Mitchell instead challenges the factual predicate of the third finding, claiming that he has "no other criminal" history because the other offense was committed after the date of the offense in this case; in other words, according to Mitchell he did not have a purported criminal history at the time he committed the offense.[2] Our review is therefore limited to determining whether Mitchell has demonstrated by clear and convincing evidence, that the record does not support the finding that "the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender" under R.C. 2929.14(C)(4)(c).

{¶ 10} In this case, the trial court found that consecutive service of the sentence imposed is

> [(1)] necessary to protect the public from future crime as well as to adequately punish you for the conduct at issue in the two cases. Furthermore, [(2)] * * * [is] not disproportionate to the seriousness of [Mitchell's] conduct and to the danger that [he] pose[s] to the public.

---

[2] Mitchell claims that his criminal history cannot include conduct that occurred after the date of the offense in the underlying case. It should be noted that Mitchell provides no authority for the proposition that a consecutive sentencing determination hinges on the order in which multiple crimes were committed. Mitchell committed separate crimes within a short time period that resulted in individual indictments. The cases proceeded on different timelines, resulting in the case for the later committed crime being final before the underlying case. According to a review of the sentencing proceedings, the trial court, having the benefit of presiding over both cases, considered the whole of Mitchell's criminal conduct. Consideration of a criminal history does not distinguish between dates of offenses but, instead, should focus on consideration of the conduct itself.

Additionally, [(3)] * * * at least two of these multiple offenses were committed as part of one or more courses of conduct and that the harm caused by the two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of [his] conduct.[3]

Thus, the trial court made the two mandatory findings under R.C. 2929.14(C)(4) and the additional finding-in-the-alternative under R.C. 2929.14(C)(4)(b) that two of the offenses were committed as part of one or more courses of conduct causing harm that was so great or unusual that no single term sufficed. The trial court did not make the criminal history finding under R.C. 2929.14(C)(4)(c).

{¶ 11} Mitchell's argument is nonetheless based on challenging the criminal history finding under R.C. 2929.14(C)(4)(c) — that the offender's history of conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. This misplaced argument is overruled. The legislature authorized the imposition of consecutive sentences if three findings are made. The last of the findings contains three independent alternatives under R.C. 2929.14(C)(4)(a)-(c), only one of which is necessary to sustain the consecutive sentence. *State v. Rapier*, 8th Dist. Cuyahoga No. 108583, 2020-Ohio-1611, ¶ 10; *State v. Black*, 8th Dist.

---

[3] During the sentencing hearing, Mitchell referenced the robbery conviction in Cuyahoga C.P. No. CR-648045 as having been committed a month after the felonious assault in this case. The underlying case was delayed, however, and the cases proceeded through separate proceedings instead of being handled together as would be a customary practice. Tr. 35:18-25. The trial court's sentencing considerations included knowledge of what transpired in both cases. Tr. 39:9-25. Mitchell's conviction in CR-648045 was based on his robbing a disabled victim who required the use of a wheelchair. The facts of the other case are not otherwise part of this record, but Mitchell has not challenged the trial court's stated reliance on the facts of the unrelated case as it relates to the consecutive sentence findings. App.R. 16(A)(7).

Cuyahoga No. 108335, 2020-Ohio-188, ¶ 11 (consecutive sentences may be imposed if the court "also finds *any* of the following" findings under R.C. 2929.14(C)(4)(a)(c) (Emphasis sic.)); *State v. Nave*, 8th Dist. Cuyahoga No. 107032, 2019-Ohio-348, ¶ 6. The trial court made the alternative finding, under R.C. 2929.14(C)(4)(b), which is well within the statutory requirements. Inasmuch as the trial court imposed the consecutive sentence under R.C. 2929.14(C)(4)(b), we need not consider whether the record also supports a finding under subdivision (C)(4)(c) of that section since only one of the alternative findings is required. *See Rapier*; *Black*; *Nave*.

{¶ 12} Mitchell's criminal history, or any lack thereof, was not a basis for the imposition of consecutive service in this case, and therefore, there is no need to review the record to determine whether that finding is supported by the record. Accordingly, Mitchell's reliance on *State v. Batiste*, 2020-Ohio-3673, 154 N.E.3d 1220, ¶ 14 (8th Dist.), in which the panel concluded that the offender clearly and convincingly lacked a demonstrable history of criminal conduct under R.C. 2929.14(C)(4)(c), is misplaced.[4] *Batiste* is inapplicable. Even if assumed for the

---

[4] *Batiste* concluded that a juvenile adjudication can only be considered under the criminal history finding of R.C. 2929.14(C)(4)(c) if those adjudications are "extensive." According to the *Batiste* panel, a single juvenile adjudication, which occurred nine years before the felony conduct, is insufficient to demonstrate that the history of criminal conduct warrants consecutive service of a sentence. R.C. 2929.14(C)(4)(c), however, requires consideration of the offender's "history of criminal conduct." *Batiste* applies to a limited set of circumstances. "[I]t is 'widely accepted' that an offender's juvenile history can be used as prior criminal history for the purpose of imposing consecutive sentences." *State v. Brown*, 2020-Ohio-4474, 158 N.E.3d 972, ¶ 56 (8th Dist.), quoting *Batiste* at ¶ 20; *State v. Russell*, 11th Dist. Lake No. 2019-L-138, 2020-Ohio-3243, ¶ 141; and *State v. Bromagen*, 1st Dist. Hamilton No. C-120148, 2012-Ohio-5757, ¶ 8-9; *see also State v. Curtis*, 2d Dist. Miami No. 2021-CA-19, 2022-Ohio-1691, ¶ 12.

sake of the discussion that the record does not clearly and convincingly support the finding under R.C. 2929.14(C)(4)(c) despite Mitchell's history including the other felony conviction, the trial court made the finding under subdivision (C)(4)(b) that the harm caused to multiple victims was so great and unusual that no single term for any offense adequately reflects the seriousness of the offender's conduct. That finding satisfied the consecutive sentencing requirements.

{¶ 13} Mitchell has not challenged the factual underpinnings of the alternative finding the trial court made in this case, and therefore, we cannot find error in the imposition of consecutive sentences. App.R. 16(A)(7). Mitchell's final argument is overruled.

{¶ 14} The conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
EILEEN T. GALLAGHER, J., CONCUR


N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.