[Cite as *State v. Sparks*, 2024-Ohio-2362.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :          No. 113244

    v.                                    :

BERNARD SPARKS,                    :

    Defendant-Appellant.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 20, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-674015-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anna Faraglia, Assistant Prosecuting Attorney, *for appellee.*

Scott J. Friedman, *for appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Bernard Sparks, appeals his consecutive sentences after he pled guilty to attempted aggravated murder with a firearm specification, murder with a firearm specification and having weapons while under disability. He contends that his consecutive sentences should be vacated because

certain of the trial court's consecutive-sentence findings were not supported by the record.  For the reasons that follow, we affirm the trial court.

**Factual Background and Procedural History**

{¶ 2}  On September 19, 2022, a Cuyahoga County Grand Jury indicted Sparks on 17 counts:  two counts of aggravated murder, four counts of aggravated burglary, four counts of kidnapping, one count of attempted aggravated murder, four counts of felonious assault, one count of murder and one count of having weapons while under disability.  With the exception of the having-weapon-while-under-disability count, all counts included one- and three-year firearm specifications.  The charges related to a January 5, 2022 incident in which Sparks broke into the apartment of his ex-girlfriend, Eyatae France, in the middle of the night and entered the bedroom in which France and her then-boyfriend Zahir Montez Garrett were sleeping.  After waking France, Sparks shot Garrett in the back of the head.  The single bullet killed Garrett, exited his body and entered France's body, lodging in her torso, behind her heart.  France suffered broken ribs and a collapsed lung and the bullet remains lodged in France's body because it could not be safely removed.  After the shooting, Sparks fled the scene.  He was a fugitive for approximately eight months before U.S. Marshals apprehended him.

{¶ 3}  On September 19, 2023, the parties reached a plea agreement.  Sparks pled guilty to an amended count of attempted aggravated murder in violation of R.C. 2903.01(A)/2923.02 with a three-year firearm specification, an amended count of murder in violation of R.C. 2903.02(B) with a three-year firearm specification and

one count of having weapons while under disability in violation of R.C. 2923.13(A)(3). The agreement also included a "reservation of rights" in which the state retained the right to pursue further charges against Sparks if France died of her injuries. In exchange for his guilty pleas, the remaining counts were nolled.

{¶ 4} The case proceeded to sentencing the following day. No presentence investigation was requested or ordered. At the sentencing hearing, the trial court heard from Garett's family and friends, France, the state, defense counsel and Sparks. There is no indication in the record that any sentencing memoranda were submitted.

{¶ 5} Garrett's family and friends described Garrett and the impact of his loss on them and others. France described what she experienced during the incident, the loss of Garrett and the impact of Sparks' actions on both her and Garrett's family. The state introduced copies of photographs of the crime scene and Garrett's injuries and argued that, based on the circumstances of the crimes and Garrett's criminal history, which included prior felony convictions for drug possession, having weapons while under disability and forgery, he "deserves every bit of time that is allowed by law." Defense counsel argued for the imposition of concurrent sentences because 34-year-old Sparks had (1) "accepted responsibility" by pleading guilty to murder with a firearm — "a statutory life sentence," (2) he was remorseful, (3) he did not have a "history of violence," (4) a "single shot" had caused both Garrett's death and France's injuries, (5) he had family support and (6) he was college-educated, had a commercial driver's license and had worked as an iron

worker for seven years. Sparks stated that he took responsibility "for what happened" and apologized to the court for "being here under these circumstances" and to "the family" for "the loss of their loved one."

{¶ 6} The trial court sentenced Sparks to an aggregate sentence of life in prison with the possibility of parole after 28 years. On the murder count, the trial court sentenced Sparks to three years on the firearm specification, to be served prior to and consecutive with, a life sentence with the possibility of parole after 15 years on the underlying offense. On the attempted aggravated murder count, the trial court sentenced Sparks to three years on the firearm specification, to be served prior to and consecutive with, a minimum sentence of seven years and a maximum sentence of 10.5 years on the underlying offense. The sentence on the attempted aggravated murder count was to be served consecutively to the sentence on the murder count. On the having-weapons-while-under-disability count, the trial court sentenced Sparks to 36 months, to be served concurrently with the sentences on the other counts. The trial court also imposed postrelease control.

{¶ 7} In support of its imposition of consecutive sentences, the trial court made the following findings at the sentencing hearing:

> The Court imposes prison terms consecutively finding that consecutive terms is necessary to protect the public from future crime or to punish the defendant. That the consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and [to] the danger the defendant poses to the public. And that the defendant committed one or more of the multiple offenses while — I'm sorry, no offenses were so grave [sic] or unusual that no single prison term for any of the offenses committed as part of any other courses of conduct adequately reflects the seriousness of the defendant's conduct.

And the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

{¶ 8} The trial court set forth its consecutive-sentence findings in its sentencing judgment entry as follows:

The court imposes prison terms consecutively finding that consecutive service of the prison term is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct, or defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by defendant.

{¶ 9} Sparks appealed, raising the following assignment of error for review:

The trial court erred by imposing consecutive sentences because the imposition of consecutive sentences was not supported by the record.

**Law and Analysis**

{¶ 10} Under Ohio's sentencing statutes, there is a presumption that a defendant's multiple prison sentences will be served concurrently (unless certain circumstances not applicable in this case apply) or the trial court makes the required findings supporting the imposition of consecutive sentences under R.C. 2929.14(C)(4). R.C. 2929.41(A); *State v. Jones*, 2024-Ohio-1083, ¶ 11; *State v. Reindl*, 2021-Ohio-2586, ¶ 14 (8th Dist.); *State v. Gohagan*, 2019-Ohio-4070, ¶ 28 (8th Dist.). To impose consecutive sentences, the trial court must find that

(1) consecutive sentences are "necessary to protect the public from future crime or to punish the offender," (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" and (3) at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). The trial court must make each finding required under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing journal entry. *State v. Bonnell*, 2014-Ohio-3177, syllabus.

{¶ 11} To "make" the requisite findings under the statute, "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Id*. at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326 (1999). When imposing consecutive sentences, the trial court is not required to state reasons supporting its findings, nor is it required to give a "talismanic incantation of the words of the statute." *Jones* at ¶ 11, quoting *Bonnell* at ¶ 37. "[A]s long as the reviewing court can

discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29. When considering whether the trial court has made the requisite findings, an appellate court must view the trial court's statements on the record "in their entirety." *See, e.g., State v. Blevins*, 2017-Ohio-4444, ¶ 21, 23, 25 (8th Dist.).

{¶ 12} As the Ohio Supreme Court recently stated in *Jones*:

R.C. 2953.08(G) instructs appellate courts reviewing the imposition of consecutive sentences, as follows:

(2) The court hearing an appeal under [R.C. 2953.08(A), (B), or (C)] shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)];

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(F) requires an appellate court to review the entire trial-court record, including any oral or written statements made to or by the trial court at the sentencing hearing, and any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. R.C. 2953.08(F)(1) through (4).

R.C. 2953.08(G) permits an appellate court to increase, reduce, otherwise modify, or vacate a sentence only "if it clearly and convincingly finds" that the record does not support the sentencing

court's findings or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2); *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. The standard to be applied is the standard set forth in the statute: an appellate court has the authority to increase, reduce, otherwise modify, or vacate a sentence only after it has reviewed the entire trial-court record and "clearly and convincingly f[ound] either * * * [t]hat the record does not support the sentencing court's findings under [certain statutes]" or "[t]hat the sentence is otherwise contrary to law," R.C. 2953.08(G)(2).

(Bracketed text in original.) *Jones*, 2024-Ohio-1083, at ¶ 12-13.

{¶ 13} Thus, a defendant can challenge consecutive sentences on appeal in two ways. First, the defendant can argue that consecutive sentences are contrary to law because the trial court failed to make the findings required by R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b); *Reindl*, 2021-Ohio-2586, at ¶ 13 (8th Dist.). Second, the defendant can argue that the record "clearly and convincingly" does not support the trial court's consecutive-sentence findings made pursuant to R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a); *Reindl* at ¶ 13. A matter is "clear and convincing" if it "produce[s] in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 14} In this case, Sparks concedes that the trial court made all of the required findings under R.C. 2929.14(C)(4). He argues that his convictions should, nevertheless, be vacated because "the record does not demonstrate" that (1) consecutive service is necessary to protect the public from future crime or to punish Sparks, (2) consecutive sentences are not disproportionate to the seriousness of Sparks' conduct and to the danger he poses to the public or (3) consecutive sentences

are necessary to protect the public from future crime by Sparks based on Sparks' history of criminal conduct. Sparks contends that because he is required to serve, at a minimum, an indefinite sentence of 21 years to life, that sentence "was adequate to fulfill the purposes of felony sentencing" and the "additional time" added to his sentence by the imposition of consecutive sentences was (1) "not necessary" to protect the public from future crime by Sparks or to punish Sparks and (2) disproportionate to his conduct and danger he posed to the public. Sparks further argues that, although he had a prior felony history, there is no indication that his criminal history included "offenses of violence" and that while there were "two victims" in this case, it was a single gunshot that harmed one and killed the other.

{¶ 15} Following a thorough review of the record, we cannot say that the record clearly and convincingly does not support the trial court's findings in support of the imposition of consecutive sentences.

{¶ 16} Sparks has not cited any case in his appellate brief in which a trial court's consecutive-sentence findings were found to be clearly and convincingly unsupported by the record on similar facts. Further, Sparks does not challenge the trial court's finding under R.C. 2929.14(C)(4)(b) that "at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of [Sparks'] conduct." Only one of the three findings under R.C. 2929.14(C)(4)(a)-(c) must be made to support the imposition of

consecutive sentences. If the trial court properly made a finding under R.C. 2929.14(C)(4)(b), it was not also required to make a finding under R.C. 2929.14(C)(4)(c). *See, e.g., State v. Mitchell*, 2022-Ohio-3818, ¶ 11-13 (8th Dist.); *State v. Black*, 2020-Ohio-188, ¶ 11 (8th Dist.); *State v. Nave*, 2019-Ohio-348, ¶ 6-7 (8th Dist.). Even if we agreed with Sparks that the record did not clearly and convincingly support the finding under R.C. 2929.14(C)(4)(c), the trial court's additional finding under subdivision (C)(4)(b) satisfied the consecutive sentencing requirements. *See Black* at ¶ 11 (Where appellant did not challenge the factual underpinnings of the alternative finding the trial court made in the case under R.C. 2929.14(C)(4)(b), the court could not find error in the imposition of consecutive sentences based on appellant's claim that the record did not support a finding under R.C. 2929.14(C)(4)(a).), citing App.R. 16(A)(7).

{¶ 17} Here, the record reflects that 34-year-old Sparks broke into his ex-girlfriend's apartment in the middle of the night and then woke her to force her to watch as he murdered her then-boyfriend Garrett, as Garett was sleeping. Sparks shot Garrett in the back of the head. The bullet not only killed Garrett, but passed through his body and into France's where the bullet remains, lodged behind her heart. Although Sparks was prohibited, due to a prior felony conviction, from possessing a firearm, Sparks continued to possess firearms and was convicted of having weapons while under disability and other felony offenses before the incident at issue.

{¶ 18} This case involves two victims, one of whom was killed and the other of whom was seriously injured — both physically and psychologically — by Sparks' actions. The harm suffered by each of the victims clearly factored into the trial court's decision to impose consecutive sentences. Where there are multiple victims, we have found that fact supports the finding that consecutive sentences are necessary to punish the offender. *State v. Batiste*, 2020-Ohio-3673, ¶ 22 (8th Dist.) ("[W]hen a defendant commits crimes against more than one victim, consecutive sentences are reasonable to hold the defendant accountable for the crimes committed against the [multiple] victims."), citing *State v. Thome*, 2017-Ohio-963, ¶ 16 (8th Dist.) ("[W]here there are multiple victims, the imposition of consecutive sentences is reasonable to hold the defendant accountable for crimes committed against each victim.").

{¶ 19} Additionally, the fact that there were multiple victims supports the finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *State v. Sexton*, 2002-Ohio-3617, ¶ 67 (10th Dist.) ("We have recognized that consecutive sentences protect the public by striving to deter criminal conduct demonstrated by the commission of multiple offenses and, where there are multiple victims, the imposition of consecutive sentences is reasonable to hold the defendant accountable for crimes committed against each victim."). Thus, the fact that Sparks caused the death of one victim and serious physical harm to another supports the trial court's consecutive-sentence findings.

{¶ 20} After a thorough review of the record, we are not left with the "firm belief or conviction" that the record does not support the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2); *Cross*, 161 Ohio St. 469, at paragraph three of the syllabus. Accordingly, Sparks' assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
MARY EILEEN KILBANE, J., CONCUR