[Cite as *State v. Malcolm*, 2022-Ohio-4708.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Earle E. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2022 CA 00019 |
| CAETLYNDE MALCOLM | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING:      Criminal appeal from the Licking County Court of Common Pleas, Case No. 21-CR-00098

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      December 27, 2022


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

WILLIAM HAYES
Licking Counnty Prosecutor
BY ROBERT N. ABDALLA
Assistant Prosecutor
20 South 2nd Street
Newark, OH 43055

MICHAEL R. DALSANTO
Box 98
Newark, OH 43058

*Gwin, J.,*

**{¶1}** Defendant-appellant, Caetlynde Malcolm ("Malcolm"), appeals from the Licking County Court of Common Pleas' judgment, which sentenced her to 15 months in prison, consecutive with the sentence imposed in Licking County Common Pleas Court Case No. 20 CR 00394 after she stipulated to violating her community control in Licking County Court of Common Pleas Court Case Number 2021 CR 00098.

*Facts and Procedural History*

**{¶2}** On November 9, 2021 Malcolm entered a plea of no contest to one count of Possession of Fentanyl-Related Compound in violation of R.C. 2925.11 (A)(C)(11)(b), a felony in the 4th degree, and Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1)(a), a felony in the 5th degree. The trial court found Malcolm guilty of the charged offenses and sentenced her to community control sanctions for a period of three years.

**{¶3}** On February 2, 2022, the state filed a motion to revoke community control, alleging Malcolm: engaged in fraud to obtain medical prescriptions and government funding; had and facilitated contact with prison inmates; associated with known criminals who were engaged in criminal activity; and tested positive for illicit substances on multiple dates.

**{¶4}** At the second stage revocation hearing, Malcolm stipulated to the violations as alleged and waived her right to a hearing. At the time, Malcolm was on felony probation for two simple drug possession charges in this case, Licking County Court of Common Pleas Case Number 2021 CR 00098.

{¶5} The trial court found that Malcolm had violated her conditions of community control. The trial court revoked Malcolm's community control and imposed a sentence of 15 months on Count 1 and 9 months on Count 2. The trial court ran these counts concurrent to one another for a total of 15 months of incarceration. However, the trial court was explicit both on the record and in its written judgment entry that the aggregate 15 months sentence in 2021 CR 00098 would be served consecutive to the sentence already imposed in 2020 CR 00394.

*Assignment of Error*

{¶6} Malcolm raises one Assignment of Error,

{¶7} "I. THE TRIAL COURT COMMITTED PLAIN ERROR AND IMPOSED A SENTENCE CONTRARY TO LAW TO THE PREJUDICE OF DEFENDANT-APPELLANT BY SENTENCING HER TO CONSECUTIVE SENTENCES WITHOUT MAKING THE STATUTORY FINDINGS REQUIRED BY R.C. 2924.14(C)(4)."

*Law and Analysis*

{¶8} Malcolm argues the trial court committed plain error and imposed a sentence contrary to law when it failed to make the statutory findings required by R.C. 2929.14(C)(4) before imposing the sentence in this case consecutively to the sentence imposed in Licking County Court of Common Pleas Case Number 2020 CR 00394.

**Standard of Appellate Review**

{¶9} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence-investigation reports. R.C. 2953.08(F)(1) through (4).

{¶10} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶28.

{¶11} R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

{¶12} In *State v. Bryant,* the Court recently clarified the holding in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649*,*

> The narrow holding in *Jones* is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *See Jones* at ¶ 31, 39. Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible

considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones,* this court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are "'otherwise contrary to law.'" *Jones* at ¶ 32, *quoting* R.C. 2953.08(G)(2)(b). This court also recognized that "otherwise contrary to law" means "'in violation of statute or legal regulations at a given time.'" Id. at ¶34 quoting Black's Law Dictionary 328 (6th Ed.1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable.

168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶22.

**Issue for appellate review:** *Whether the trial court properly imposed consecutive sentences in Malcolm's case.*

**R.C. 2929.14 (C)(4) Consecutive Sentences**

{¶13} In order for a trial court to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post release control for a prior offense; (b) at least two of the multiple

offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶14} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37. Otherwise, the imposition of consecutive sentences is contrary to law. *See* id. The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." Id.

{¶15} In *State v. Howard*,162 Ohio St.3d 314, 2020-Ohio-3195, 165 N.E.3d 1088, the Ohio Supreme Court held that a court was obligated to make the consecutive sentence findings required by R.C. 2929.14(C)(4) at the time it revoked community control and imposed consecutive sentences.

{¶16} In *Howard,* the Supreme Court of Ohio vacated the appellant's sentence because the trial court, after revoking community control, failed to make the required R.C 2929.14(C)(4) consecutive sentence findings. Id. at ¶ 25. The Court noted that a trial court is not required to make the findings required by R.C. 2929.14(C)(4) as part of a hearing in which an offender is *sentenced* to community control but *must do so before*

*imposing consecutive sentences for a violation of community control.  Howard,* 162 Ohio

St.3d 314, 2020-Ohio-3195, ¶ 23-25 (emphasis added).

**{¶17}**  In the case at bar, the trial court did not mention, refer to, or make any

findings relative to R.C. 2929.14(C) at the second stage revocation hearing or in its

sentencing entry.

**{¶18}**  Malcolm's sole Assignment of Error is sustained.

**{¶19}**  The judgment of the Licking County Court of Common Pleas is reversed

and this case is remanded for proceedings consistent with this Opinion and the law.[1]

By Gwin, J.,

Wise, Earle, P.J., and

Baldwin, J., concur

---

[1] On resentencing, the trial court should be aware of the decision in *State v. Jones*, Slip Op. No. 2022-Ohio-4485 (Dec. 15, 2022) in which the Ohio Supreme Court ruled when a court revokes community control, it may require that the reserved prison term be served consecutively to any other sentence then existing or then being imposed *but only if at the time it imposed community control, it notified the offender that a consecutive sentence on revocation of community control was a possibility.*