[Cite as *State v. McDew*, 2025-Ohio-1270.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Andrew J. King, P.J. |
|  | : | Hon. Robert G. Montgomery, J. |
| Plaintiff-Appellee | : | Hon. Kevin W. Popham, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2024-0132 |
| DUSTAN MCDEW | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court of Common Pleas, Case No. CR2024-0345

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     April 9, 2025

APPEARANCES:

For Plaintiff-Appellee

RON WELCH
Prosecuting Attorney
BY: JOSEPH A. PALMER
Assistant Prosecutor
27 North Fifth St.
Box 189
Zanesville, OH 43702

For Defendant-Appellant

CHRIS BRIGDON
8138 Somerset Road
Thornsville, OH 43076

*Popham J.,*

**{¶1}** Defendant-appellant Dustan McDew [McDew] appeals from his conviction and sentencing following a negotiated guilty plea in the Muskingum County Court of Common Pleas.

*Facts and Procedural History*

**{¶2}** On May 29, 2024, McDew was indicted on sixteen counts, including charges of tampering with evidence, telecommunications fraud, falsification in a theft offense, and having weapons while under disability.

**{¶3}** On August 5, 2024, a Criminal Rule 11(C) and (F) negotiated plea form signed by McDew, his attorney, and the assistant prosecuting attorney was filed. [Docket Entry No. 11]. On that date, McDew entered guilty pleas to,

Count 2, Count 4, and Counts 8 – 11 Tampering with Evidence;

Count 12 telecommunications fraud;

Count 13 falsification in a theft offense; and

Count 15 having weapons while under disability.

**{¶4}** Sentencing was deferred pending the completion of a Presentence Investigation Report ["PSI"].

**{¶5}** On August 28, 2024, after reviewing the facts, sentencing memorandum submitted by each side, and the PSI, the judge imposed the following sentence:

Counts 2, 4, 8-11, and 15: 24 months on each count;

Count 12: 12 months; and

Count 13: 12 months.

**{¶6}** Counts 12, 13, and 15 were ordered to run concurrently. Counts 2, 4, 8, 9, 10, and 11 were ordered to run consecutively to one another, and consecutive to the concurrent sentences, resulting in an aggregate prison sentence of fourteen years. The sentences were also to run consecutive to McDew's sentence in Muskingum County Court of Common Pleas, Case Number CR2023-0700.

*Assignment of Error*

**{¶7}** McDew raises one Assignment of Error,

**{¶8}** "I. SHOULD [sic.] THIS HONORABLE COURT SHOULD VACATE THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES BECAUSE THE CONSECUTIVE SENTENCES ARE IN CONTRAVENTION OF THE SENTENCING STATUTES."

**Standard of Review**

**{¶9}** A court reviewing a criminal sentence is required by R.C. 2953.08 (F) to review the entire trial-court record, including any oral or written statements and Presentence Investigation Reports. R.C. 2953.08 (F)(1) through (4). We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Jones*, 2020-Ohio-6729, ¶ 36; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). R.C. 2953.08 (G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13 (B) or (D), 2929.14 (B)(2)(e) or (C)(4), or 2929.20 (I), or the sentence is otherwise contrary to law. *See also State v. Bonnell*, 2014-Ohio-3177, ¶ 28.

**{¶10}** Contrary to law as defined in legal dictionaries, e.g., Black's Law Dictionary 328 (6th Ed.1990), means "in violation of statute or legal regulations at a given time[.]" *State v. Jones*, 2020-Ohio-6729, ¶ 34.

**{¶11}** Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. *See also In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985), *superseded by statute on other grounds as stated by In re Adoption of T.R.S., 2014-Ohio-3808, ¶¶ 16–17 (7th Dist.), and In re Adoption of A.L.S., 2018-Ohio-507, ¶ 23 (12th Dist.).* "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477.

**{¶12}** R.C. 2953.08 (G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones,* 2020-Ohio-6729, ¶ 39. In other words, R.C. 2953.08, precludes second-guessing a sentence imposed by a trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12. *State v. Toles*, 2021-Ohio-3531, ¶ 10 (Brunner, J., concurring).

**{¶13}** When a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are reviewable. *State v. Bryant*, 2022-Ohio-1878, ¶ 22.

**{¶14}** In his sole assignment of error, McDew argues that the charges arose from

a single, continuing course of conduct. McDew contends that the record does not support a finding that the harm caused by the offenses was so great or unusual as to support consecutive sentences under R.C. 2929.14 (C)(4)(b).

*Consecutive sentences*

{¶15} Under Ohio's statutory sentencing scheme, there is a presumption that a defendant's multiple prison sentences will be served concurrently, R.C. 2929.41 (A), unless certain circumstances not applicable in this case apply, see, e.g., R.C. 2929.14 (C)(1) through (3), or the trial court makes findings supporting the imposition of consecutive sentences under R.C. 2929.14 (C)(4), which provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds *any* of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section R.C. 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison

term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. (Emphasis added).

{¶16} Conformity with R.C. 2929.14 (C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 2014-Ohio-3177, ¶ 26, *quoting State v. Edmonson*, 86 Ohio St.3d 324, 326 (1999). To this end, a reviewing court must be able to ascertain from the record evidence to support the trial court's findings. *Bonnell,* ¶ 29.

{¶17} "A trial court is not, however, required to state its reasons to support its findings, nor is it required to give a rote recitation of the statutory language, 'provided that the necessary findings can be found in the record and are incorporated in the sentencing entry.'" *State v. Sheline*, 2019-Ohio-528, ¶ 176 (8th Dist.), *quoting Bonnell,* ¶ 37; *Jones,* 2024-Ohio-1083, ¶ 14.

**Issue for Appellate Review:** *Whether the consecutive-sentence findings under R.C. 2929.14 (C)(4) have been made, i.e., the first and second findings regarding necessity and proportionality, as well as the third required finding under R.C. 2929.14 (C)(4)(a), (b), or (c)*

***R.C. 2929.14 (C)(4)***: *[T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to*

*protect the public from future crime or to punish the offender and that consecutive*

*sentences are not disproportionate to the seriousness of the offender's conduct and to*

*the danger the offender poses to the public*

{¶18} In the case at bar, the judge made this finding during the sentencing hearing and in his judgment entry. Sent. T. at 21; *Entry*, filed Sept. 3, 2024 at 2-3.

***R.C. 2929.14 (C)(4)(a)****: The offender committed one or more of the multiple*

*offenses while the offender was awaiting trial or sentencing, was under a sanction*

*imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was*

*under post-release control for a prior offense*

{¶19} McDew committed the offenses in this case while awaiting sentencing in Muskingum County Court of Common Pleas, Case No. CR2023-0700. In the case at bar, the judge made this finding during the sentencing hearing and in his judgment entry. Sent. T. at 21; *Entry*, filed Sept. 3, 2024 at 2-3.

***R.C. 2929.14 (C)(4)(b)****: At least two of the multiple offenses were committed as*

*part of one or more courses of conduct, and the harm caused by two or more of the*

*multiple offenses committed was so great or unusual that no single prison term for any*

*of the offenses committed as part of any of the courses of conduct adequately reflects*

*the seriousness of the offender's conduct*

{¶20} In the judgment entry, the trial judge included an additional finding under R.C. 2929.14 (C)(4)(b). The record, however, establishes that the trial judge did not make this finding during the sentencing hearing. Because the findings under R.C. 2929.14 (C)(4) must be made at the sentencing hearing, we will not address the trial judge's additional finding in the judgment entry. *Bonnell,* 2014-Ohio- 3177, ¶¶ 26; 29.

***R.C. 2929.14 (C)(4)(c)****: The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender*

**{¶21}** The judge made this finding on the record and in his judgment entry. Sent. T. at 21; *Entry*, filed Sept. 3, 2024 at 2-3.

**{¶22}** While McDew is correct that the judge did not mention R.C. 2929.14 (C)(4)(b) during the sentencing hearing, only one of the three findings under R.C. 2929.14 (C)(4)(a) - (c) must be made to support the imposition of consecutive sentences. *State v. Bates*, 2024-Ohio-2587, ¶ 42 (8th Dist.); *State v. Gales,* 2023-Ohio-2753, * 89 – 90 (9th Dist.); *State v. Stutes,* 2023-Ohio-4582, ¶ 31 (4th Dist.); *State v. Parrish,* 2023-Ohio-2409, ¶ 24 (2d Dist.); *State v. Malcolm*, 2022-Ohio-4708, ¶ 13 (5th Dist.). In this case, the judge made the necessary findings under R.C. 2929.14(C)(4)(a) and additionally under R.C. 2929.14 (C)(4)(c). McDew does not challenge either of those findings. As only one finding is necessary, either of the judge's findings under R.C. 2929.14(C)(4)(a) or R.C. 2929.14 (C)(4)(c) can support the imposition of consecutive sentences in McDew's case.

**Issue for Appellate Review:** *Whether the trial judge's decision to impose consecutive sentences in McDew's case is supported by the record*

**{¶23}** According to the Ohio Supreme Court, "the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14 (C)(4) before it imposed consecutive sentences." *Bonnell*, ¶ 28. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, ¶ 29.

**{¶24}** In the case at bar, the judge reviewed the sentencing memorandums filed by each party, the PSI, the statements of the prosecutor, and the statements made by McDew and McDew's attorney.

**{¶25}** The record reflects that McDew, while awaiting sentencing in Muskingum County Court of Common Pleas, Case Number CR2023-0700, began working for the police as an informant. At some point during his endeavors, McDew concocted an elaborate scheme to steal the $5,000.00 provided to him by law enforcement for the purchase of drugs. The scheme involved setting up an innocent person to take the fall. Sent. T. at 4 - 5. The state characterized McDew's actions as "weaponizing law enforcement" and putting at risk the legitimacy of the entire system. *Id.* The conduct spanned multiple days and months, required undercover surveillance by law enforcement, and the expending of manpower and resources to follow false leads and manufactured evidence. Plea T. at 14 – 24.

**{¶26}** Upon review, we find that the judge's sentencing on the charges follows applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. McDew has not shown that the trial judge imposed the sentence based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Further, the record has evidence supporting the judge's findings under R.C. 2929.14 (C)(4). Therefore, we have no basis for concluding that it is contrary to law.

{¶27} McDew's sole assignment of error is overruled.

{¶28} The judgment of the Muskingum County Court of Common Pleas is affirmed.


By Popham, J.,

King, P.J., and

Montgomery, J., concur