[Cite as *State v. Semenchuk*, 2026-Ohio-804.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2025 CAA 06 0046 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 25 CRI 01 0055 |
| OREST SEMENCHUK | |
| Defendant – Appellant | Judgment:   Affirmed |
| | Date of Judgment Entry:March 10, 2026 |

**BEFORE:**   CRAIG R. BALDWIN, P.J., ROBERT G. MONTGOMERY, J., & KEVIN W. POPHAM, J.;   Appellate Judges

**APPEARANCES:** MELISSA A. SCHIFFEL, KATHERYN L. MUNGER, for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}   Defendant-appellant Orest Semenchuk ("Semenchuk") appeals his convictions and sentences after a negotiated guilty plea in the Delaware County Court of Common Pleas. For the reasons below, we affirm.

**Facts and Procedural History**

{¶2}   On November 7, 2023, Semenchuk pled and was found guilty of six counts of pandering sexually oriented matter involving a minor, or impaired person, three felonies of the second degree and three felonies of the fourth degree, in Delaware County Court of Common Pleas, Case Number 23CR-I-08-0442. *See Indictment, Jan. 30, 2025*.

Semenchuk was placed on community control for the 2023 felonies. He remained on community control at the time the allegations in the above-captioned case arose.

{¶3} On January 30, 2025, a Delaware County Grand Jury indicted Semenchuk on four counts of pandering sexually oriented matter involving a minor or impaired person, all alleged to have occurred on November 26, 2024. *Indictment, Jan. 30, 2025*. Because Semenchuk had previously been convicted of the same offense in November 2023, each count was charged as a felony of the third degree.

{¶4} On May 7, 2025, the parties entered into a written Crim.R. 11(F) plea agreement. In exchange for Semenchuk's guilty pleas to Counts One and Two, the State agreed to dismiss Counts Three and Four. Semenchuk entered guilty pleas accordingly, and the remaining counts were dismissed on the State's motion. The trial court ordered a presentence investigation report and deferred sentencing.

{¶5} On May 21, 2025, the court reviewed the presentence investigation report, heard statements from Semenchuk, defense counsel, and the prosecutor, and considered several emails submitted on Semenchuk's behalf. *Sent. T. at 1-20*. The trial court sentenced Semenchuk to forty-eight months' imprisonment on each count and ordered the sentences to be served consecutively[1].

**Assignment of Error**

{¶6} Semenchuk raises one assignment of error:

{¶7} **"I. SEMENCHUK'S SENTENCES SHOULD BE REVERSED."**

{¶8} Semenchuk challenges the trial court's imposition of consecutive sentences. Within this assignment of error, he argues that (1) the trial court erred in

---

[1] The violation of Semenchuk's community control in case number 23CR-I-08-0442 was not made a part of the appeal in the above-captioned case.

imposing consecutive sentences, (2) the record does not clearly and convincingly support two consecutive forty-eight-month sentences, and the sentence is contrary to law, and (3) the offenses should have merged as allied offenses of similar import. We disagree.

**Standard of Review**

{¶9} An appellate court reviewing a felony sentence must examine the entire record, including oral and written statements and any presentence investigation report. R.C. 2953.08(F)(1)-(4). Review is governed by R.C. 2953.08(G)(2), under which an appellate court may modify or vacate a sentence only if it clearly and convincingly finds either that the record does not support the trial court's findings under specified statutory provisions or that the sentence is otherwise contrary to law. *State v. Jones*, 2020-Ohio-6729, ¶ 36; *State v. Bonnell*, 2014-Ohio-3177, ¶ 28.

{¶10} A sentence is "contrary to law" if it violates a statute. *Jones* at ¶ 34. Clear and convincing evidence is that which produces a firm belief or conviction. *Cross v. Ledford,* 161 Ohio St. 469, 477 (1954).

{¶11} An appellate court may not modify a sentence merely because it disagrees with the trial court's weighing of the R.C. 2929.11 and R.C. 2929.12 factors. *Jones* at ¶ 39. However, a sentence based on considerations extraneous to those statutes is contrary to law and subject to review. *State v. Bryant*, 2022-Ohio-1878, ¶ 22.

**Consecutive Sentences**

{¶12} Ohio law presumes that multiple prison terms are to be served concurrently. R.C. 2929.41(A). A trial court may impose consecutive sentences only if it makes the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and incorporates them into its judgment entry. *Bonnell* at ¶¶ 26, 29.

{¶13} Here, the trial court found that consecutive sentences were necessary to protect the public from future crime and to punish the offender, that consecutive sentences were not disproportionate to the seriousness of Semenchuk's conduct and the danger he poses to the public, and that Semenchuk committed the offenses while under a court-imposed sanction. R.C. 2929.14(C)(4)(a). The court made these findings at the sentencing hearing and incorporated them into its judgment entry. *Sent. T. at 26; Judgment Entry,* May 23, 2025 at 2-3.

{¶14} A trial court need make only one of the findings set forth in R.C. 2929.14(C)(4)(a)-(c) to support consecutive sentences. *See, e.g., State v. Bates,* 2024-Ohio-2587, ¶ 42 (8th Dist.); *State v. Gales,* 2023-Ohio-2753, ¶ 13 (9th Dist.); *State v. Stutes,* 2023-Ohio-4582, ¶ 31 (4th Dist.)*; State v. Parrish,* 2023-Ohio-2409, ¶ 24 (2d Dist.); *State v. Malcolm,* 2022-Ohio-4708, ¶ 13 (5th Dist.). In this case, the trial court made the necessary findings under R.C. 2929.14(C)(4)(a) that Semenchuk committed the offenses while under a court-imposed sanction. Accordingly, the absence of findings under subsections (b) or (c) does not render the sentence contrary to law.

**The Record Supports the Trial Court's Findings**

{¶15} The offenses involved multiple victims, a circumstance that supports the imposition of consecutive sentences to reflect the distinct harm caused to each victim. *See State v. Sexton*, 2002-Ohio-3617, ¶ 67 (10th Dist.); *State v. Sparks*, 2024-Ohio-2362, ¶ 18 (8th Dist.). The court also considered the presentence investigation report, Semenchuk's commission of the offenses while on community control for the same conduct, and his prior unsuccessful attempts at rehabilitation.

{¶16}   The imposed sentences fall within the statutory range, and nothing in the record demonstrates that the trial court relied on impermissible considerations.

### Conclusion - Consecutive Sentences

{¶17}   Upon review pursuant to R.C. 2953.08(G)(2), we do not clearly and convincingly find that the record fails to support the trial court's consecutive-sentence findings or that the sentence is otherwise contrary to law.

### Allied Offenses of Similar Import

{¶18}   Semenchuk also argues that the trial court erred by failing to merge Counts One and Two as allied offenses of similar import. The argument fails for multiple, independent reasons.

### Forfeiture by Guilty Plea

{¶19}   As an initial matter, Semenchuk forfeited any allied offense claim by entering negotiated guilty pleas to Counts One and Two. In *State v. Rogers*, 2015-Ohio-2459, the Supreme Court of Ohio clarified the difference between "waiver" and "forfeiture" as it pertains to allied offenses. *Id.* at ¶19-21. The Court rejected the argument that by entering a guilty plea to offenses that could be construed to be two or more allied offenses of similar import, the accused waives the protection against multiple punishments under R.C. 2941.25. *Id.* at ¶ 19. An affirmative waiver is the "intentional relinquishment or abandonment of a right" and will not be recognized on appeal even as plain error. *State v. Payne*, 2007-Ohio-4642, ¶ 23; *State v. Jackson*, 2012-Ohio-5548, ¶ 54 (5th Dist.); *In re A.G.*, 2026-Ohio-26, ¶ 23 (9th Dist.). Forfeiture, on the other hand, "is a failure to preserve an objection" and does not extinguish a claim of plain error. *Rogers*, 2015-Ohio-2459, ¶ 21.  The *Payne* Court held that if the accused fails to seek the merger of his or

her convictions as allied offenses of similar import in the trial court, the accused forfeits his or her allied offenses claim for appellate review, unless the offenses are facially allied and the error is apparent from the face of the record. *Payne*, 2007-Ohio-4642, ¶ 23. *See also State v. Rogers*, 2015-Ohio-2459, ¶¶ 19-21; *State v. Quarterman,* 2014-Ohio-4034, ¶ 16. Here, Semenchuk did not raise an allied-offense objection at sentencing. Accordingly, he has forfeited all but plain error. *Rogers* at ¶ 21. He does not argue plain error on appeal, nor does the record support such a finding.

**Substantive Analysis Under *Ruff***

{¶20}  Even if the issue were properly before us, the offenses are not allied.

{¶21}  Under *State v. Ruff,* 2015-Ohio-995, offenses do not merge if any one of the following is true: (1) the offenses were committed separately, (2) the offenses were committed with separate animus, or (3) the offenses resulted in separate, identifiable harm. *Id.* at ¶ 25.

{¶22}  Each pandering offense here involved a separate image depicting sexually oriented material involving a minor or impaired person. Each image constitutes a distinct criminal act, causes separate harm, and supports an independent conviction. Ohio courts have repeatedly held that separate images or files of child sexual exploitation—even when possessed or transmitted on the same day—do not merge. In *State v. Stacher,* this court held,

> We thus join with multiple other Ohio appellate court districts which have found that "multiple convictions are allowed for each individual image because a separate animus exists every time a separate image or file is downloaded and saved." *State v. Duhamel*, 8th Dist. Cuyahoga No. 102346,

2015-Ohio-3145, ¶62, citing *State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795, ¶ 53; *see also, State v. Eal*, 10th Dist. Franklin No. 11AP460, 2012-Ohio-1373, ¶ 93. The selection of each individual video or image is a separate decision. *Id.*

2015-Ohio-5250, ¶34 (5th Dist.).

**Conclusion on Merger**

{¶23} Because the offenses involved separate criminal acts and separate harms, they are not allied offenses of similar import. The trial court therefore did not err—plainly or otherwise—by imposing separate sentences for Counts One and Two.

{¶24} Semenchuk's sole assignment of error, including each of its subparts, is overruled.

For the reasons stated in our Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs to be paid by Appellant Orest Semenchuk.

By: Popham, J.

Baldwin, P.J. and

Montgomery, J., concur